UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HOWARD K. STERN,

        Plaintiff,

versus

RITA COSBY and HACHETTE BOOK
GROUP USA, INC. d/b/a Grand Central
Publishing, and JOHN OR JANE DOE,

        Defendants.

---

Civ. Action No. 07-CV-8536 (DC)

# DEFENDANT RITA COSBY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Elizabeth A. McNamara
Elisa L. Miller
Davis Wright Tremaine LLP
1633 Broadway
New York, New York 10019
(212) 603-6437 (telephone)
(212) 489-8340 (facsimile)

Counsel for Defendant Rita Cosby

#189475v2

# **TABLE OF CONTENTS**

**Page**

Introduction ...............................................................................................................1

Relevant Law ............................................................................................................2

Argument ..................................................................................................................3

I. PLAINTIFF FAILS TO SHOW THAT HE WILL BE
PREJUDICED IF HIS MOTION FOR EXPEDITED
DISCOVERY IS DENIED .....................................................................................3

      A.      Expedited Discovery Is Not Necessary to
              Preserve Relevant Evidence .................................................................4

      B.      Plaintiff's Proposed Discovery is Not Necessary
              To Reveal Unknown Witnesses ...........................................................5

      C.      Plaintiff's Allegation That the Discovery Sought is
              "Vital" to the Prosecution of His Claim Does Not Warrant
              Discovery at This Early Stage of the Litigation ...................................7

      D.      Plaintiff's Allegation That Ms. Cosby May Have
              Engaged in Criminal Conduct Warrants *Against*
              Expedited Discovery ............................................................................8

II. DEFENDANTS WILL BE UNDULY PREJUDICED IF
THEY ARE FORCED TO ENGAGE IN EXPEDITED DISCOVERY .............................9

III. EXPEDITED DISCOVERY IS NOT REASONABLE
UNDER THE CIRCUMSTANCES .....................................................................10

CONCLUSION ........................................................................................................11

Defendant Rita Cosby ("Cosby") respectfully submits this memorandum of law in opposition to Plaintiff Howard K. Stern's ("Plaintiff") request for Expedited Discovery (the "Motion").

## Introduction

Plaintiff seeks expedited discovery relating to his allegations that on a recent trip to the Bahamas, Ms. Cosby, through conversations with two Bahamian residents, attempted to influence the testimony of two witnesses in this case. Incredibly, despite his claimed concern about the destruction of evidence, Plaintiff does not seek discovery of the Bahamian residents Ms. Cosby allegedly spoke to, or even the production of the actual and complete set of taped conversations that supposedly document his allegations. Instead, Plaintiff requests leave from this Court to take the depositions of Ms. Cosby, her traveling companion Tom Bednarek, and *In Touch Weekly* only, as well as the ability to seek "an extremely limited set of documents" from them.

Plaintiff's Motion is nothing more than an attempt to divert Defendants' resources and the Court's attention from the real issues at hand – whether the book entitled *Blonde Ambition: The Untold Story Behind Anna Nicole Smith's Death* ("Blonde Ambition") contains libelous statements about Plaintiff. Ms. Cosby by no means wishes to diminish the seriousness of any claim concerning an attempt to influence witnesses and denies that she ever did or intended to influence any witness's testimony. Yet, Plaintiff articulates no reason why the discovery he seeks must occur now, at the very start of the litigation, and fails to articulate good cause for this Court to deviate from the discovery regime set forth in the Federal Rules of Civil Procedure.

While Plaintiff can not show that he will be prejudiced in any way if his Motion is denied, Ms. Cosby could suffer serious and irreparable prejudice if she is forced to engage in

discovery before she and her counsel have had an adequate opportunity to become acquainted with the facts of this case. This is especially the case where, as here, Ms. Cosby has been accused of serious criminal conduct.

Additionally, expedited discovery of a factually complex situation that occurred post-publication, extra-territorially, makes no sense given that the Court has established a six-month discovery schedule for the entire case. Indeed, focusing at this early stage on post-publication events will create a side-show concerning evidence of limited relevance to the issues in this lawsuit. In order to reveal what truly happened in the Bahamas, discovery could not be limited as Mr. Stern requests. Instead, if this path was pursued, Ms. Cosby would also need to seek discovery of all persons involved, including those located outside of the United States, and particularly the critical and complete tape recordings that she does not possess. The delay, expense and inconvenience that will result from forcing Defendants to engage in such collateral discovery before the true issues of this case can be explored mandates denial of Plaintiff's Motion.

### Relevant Law

Noting a split among courts in the Southern District over the standard to be applied to a motion for expedited discovery, Plaintiff argues that the Court should apply a "good cause and reasonableness standard" to his motion, rather than the four-part test established by *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982). Plaintiff's Memorandum of Law in Support of Plaintiff Howard K. Stern's Motion for Preliminary Injunction, Expedited Discovery and Preservation of Evidence ("Plaintiff's Memorandum" or "Pl. Mem.") p. 17. In light of the fact that Plaintiff does not meet even the less stringent "good cause and reasonableness" standard, Ms. Cosby will assume for purposes of this Memorandum that this standard applies.

Regardless of which standard applies, defendants should be protected from "unwarily incriminating themselves before they have a chance to review the facts of the case and retain counsel." *Notaro v. Koch*, 95 F.R.D. 403, 404 (S.D.N.Y. 1982) (citing 4A *Moore's Federal Practice* 30.54 (1982)).  Under the "good cause and reasonableness" test, relevant considerations for the Court include "the potential prejudice which will be suffered by [defendants] if the [requested discovery] is permitted, and that which will be experienced by the plaintiff if" the requested discovery is denied.  *OMG Fidelity, Inc. v. Sirius Technologies, Inc.*, 239 F.R.D. 300, 305 (N.D.N.Y. 2006); *see also Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) ("[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party"); *Magellan Group Inv., LLC v. First Indigenous Depository Co.*, 2005 WL 1629940 (N.D. Cal. July 8, 2005) (same).  Other considerations include whether the proposed expedited discovery will (i) "conserve party and court resources," or (ii) subject the defendant to a deposition for which he or she has not had sufficient time or information with which to prepare.  *Semitool*, 208 F.R.D. at 275-276.

Here, given that the parties have mutually agreed to preserve any relevant evidence and not to wrongfully influence any witnesses, the alleged need for expedited discovery is far outweighed by the prejudice to Defendants.  Plaintiff's Motion should be denied.

## Argument

### I

### PLAINTIFF FAILS TO SHOW THAT HE WILL BE PREJUDICED IF HIS MOTION FOR EXPEDITED DISCOVERY IS DENIED

Plaintiff's Motion fails because he cannot show that he will be prejudiced if he is forced to take the requested discovery in the normal course.  Plaintiff argues that expedited discovery is

necessary because (i) the potential witnesses and evidentiary materials at issue are highly susceptible to disappearance and destruction, (ii) the requested discovery is vital for Stern to prosecute his claims against Ms. Cosby, and (iii) Plaintiff alleges that Ms. Cosby has engaged in "possible criminal actions . . . to influence witnesses and obstruct justice." None of these purported justifications present "good cause" for allowing Plaintiff to subject Ms. Cosby to expedited discovery on collateral issues, and in fact, counsel against expedited discovery.

### A.      Expedited Discovery Is Not Necessary To Preserve Relevant Evidence

To begin with, Plaintiff's purported concern that "the materials at issue in Stern's request for the production of documents are highly subject to destruction and disappearance," Pl. Mem. p. 19, no longer has any weight. As this Court is aware, the parties have consented to an order enjoining them from (i) influencing, or attempting to influence, the testimony of any fact witness in this case, and (ii) destroying or altering in any way any evidence related to this action.

Plaintiff's argument is even less compelling in light of the affirmative steps Ms. Cosby has taken to ensure that all evidence relating in any way to this matter is preserved. Specifically, as set forth in the Affidavit of Elizabeth A. McNamara dated October 24, 2007 ("McNamara Aff.") at Para. 2, on October 22, 2007, a forensic expert from Kroll OnTrack duplicated the hard drive from Ms. Cosby's computer, the copy of which is now being retained by her counsel. Ms. Cosby has also provided her counsel with all original hard copies of all documents in her possession (including audio and video recordings) that relate in any way to *Blonde Ambition* or the allegations made in Plaintiff's Motion. McNamara Aff. at Para. 3.

Expedited discovery is the exception, rather than the rule, and is limited to circumstances where there is a real danger of the loss or destruction of evidence. In the primary case relied on by Plaintiff, *Ayyash v. Bank Al Madina*, which established the "good cause" standard, legitimate

concern over the loss of evidence existed because defendants were "foreign individuals and corporations who have both incentive and capacity to hide their assets" and who had failed to appear in the action. 233 F.R.D. 325, 327 (S.D.N.Y. 2005). Notably, the request for expedited discovery was dropped with regard to the defendant who appeared in the action. *Id.* Plaintiff's reliance on *Interscope Records v. Does 1-14*, Civ. A. No. 5:07-4107, 2007 WL 2900210 (D. Kan. Oct. 1, 2007), where expedited discovery was allowed because the "logs" identifying the users of a particular ISP "could be erased within days," is similarly misplaced. *Id.* at *1.

Here, Ms. Cosby has appeared, has affirmatively agreed to an order enjoining her from altering or destroying evidence and there is no evidence, much less "a strong evidentiary showing," *Ayyash*, 233 F.R.D. at 327, that she has or is likely to destroy evidence.[1] Thus, there is no concern about the preservation of evidence.

### B.    Plaintiff's Proposed Discovery is Not Necessary to Reveal Unknown Witnesses

As his own Motion makes clear, Plaintiff is already aware of the names of the potential witnesses with whom Ms. Cosby intended to meet with in the Bahamas, as well as their representatives who claim to have documented all their contacts with Ms. Cosby. Therefore, Plaintiff's argument that he needs to take expedited discovery so that he may obtain the names of witnesses located in the Bahamas hardly constitutes "good cause." Even the cases cited by Plaintiff – which relate to instances in which potential *defendants* are unknown – do nothing to support his argument that this is the kind of extraordinary case in which expedited discovery is permissible. *See, e.g., Best Western Intern., Inc. v. Doe*, No. CV-06-1537, 2006 WL 2091695

---

[1] If Plaintiff's objective was truly to preserve evidence, he would be seeking expedited discovery to subpoena the witnesses in the Bahamas – witnesses that are beyond the reach of this Court – who actually possess the unedited recordings of the conversations at issue and who could explain what even they have conceded was a sting operation to set up Ms. Cosby. *See* Pl. Mem. p. 5.

(D. Ariz. July 25, 2006) (allowing expedited discovery against an ISP in order to disclose the identities of various John Doe defendants in order for them to be served); *Interscope*, 2007 WL 2900210 at *1.

Moreover, if Plaintiff really did just want to obtain the names of witnesses, a simple interrogatory would suffice. If his goal is to get to the bottom of the events that occurred in the Bahamas, the discovery he seeks would be entirely insufficient to accomplish this purported goal. It would be impossible to achieve a full airing of the facts by the limited discovery that Stern requests, without depositions and discovery of the Bahamian players, and the production of the *complete* audio recordings made by Mr. Lincoln Bain and his associates. This is especially the case given that the one recording that Ms. Cosby made, which itself has been reported by the media, clearly shows that Mr. Bain has made contradictory statements with regard to his purpose in meeting Ms. Cosby and of his knowledge regarding the existence of a videotape of Howard K. Stern and Larry Birkhead. Thus, there is good reason to distrust the credibility of Mr. Bain and by extension the selective and redacted recordings he has released. (*See* McNamara Aff. at Para. 4-6 and Exhibit A).

In light of the fact that several of the events relevant to the Complaint took place in the Bahamas, it is likely that all parties will need to depose third-party witnesses located there. Ms. Cosby, too, will need to undertake the process of locating and obtaining jurisdiction over third-party Bahamian witnesses. Plaintiff articulates no reason why he should be given a head start in this endeavor. Moreover, because the witnesses that would have to be deposed in order to render a complete airing of the issues related to Ms. Cosby's trip to the Bahamas are, in large part, also relevant witnesses on issues of substance in the case, they would likely have to be deposed a second time. And given the linkage between the purported conversations in the Bahamas and the

truth or falsity of certain allegations in the Complaint which were the subject of those conversations, to permit Plaintiffs to begin on this path would inevitably "lead to the parties conducting nearly all discovery in an expedited fashion…which is not the purpose of expedited discovery." *Better Packages, Inc. v. Zheng*, No. 05-4477, 2006 U.S. Dist. LEXIS 30119 at *15 (D. NJ, May 17, 2006).

### C.   Plaintiff's Allegation That the Discovery Sought is "Vital" to the Prosecution of His Claims Does Not Warrant Discovery at This Early Stage of the Litigation

Plaintiff's allegation that the requested discovery is "vital" to the prosecution of his claims also fails to support his Motion. Plaintiff can seek the same discovery in the normal course, the question is simply when. Certainly, the belief that discovery is "vital" to a case does not justify expedited discovery. Indeed, if such a belief did constitute "good cause," expedited discovery would likely be warranted in nearly every case.

More important, Stern's attempt to argue that Ms. Cosby's alleged post-publication actions are "vital" to his burden to establish "actual malice" is belied by well-established actual malice case law. Pl. Mem. at 20. Actual malice, as the Court well knows, requires the Plaintiff to establish with clear and convincing evidence that *at the time of publication* Defendants knew the statements at issue were false or had serious doubts as to their accuracy. *Bose Corp. v. Consumers Union of the U.S., Inc.*, 466 U.S. 485, 512 (1984) (evidence must establish that a defendant "realized the inaccuracy at the time of publication"). Post-publication actions – whether they be in connection with corrections or, as here, allegations surrounding further reporting – are of limited to no relevance to the claims. *See, e.g., Herbert v. Lando*, 781 F.2d 298, 305-06 (2d Cir. 1986) ("It is self-evident that information acquired after the publication of defamatory material cannot be relevant to the publisher's state of mind or his alleged malice at

the time of publication"); *Secord v. Cockburn*, 747 F. Supp. 779, 792-93 (D.C. Cir. 1990) ("It is hornbook libel law that post-publication events have no impact whatever on actual malice."); *Farrakhan v. NYP Holdings*, 168 Misc. 2d 536, 543 (N.Y. Sup. Ct. 1995).  Thus, discovery into Ms. Cosby's post-publication trip to the Bahamas hardly constitutes "vital" evidence.[2]

### D. Plaintiff's Allegation That Ms. Cosby May Have Engaged in Criminal Conduct Warrants *Against* Expedited Discovery

As noted, all parties to this action have voluntarily agreed to abide by their obligation to refrain from attempting to influence witnesses or destroying evidence.  To the extent Plaintiff believes, erroneously, that Ms. Cosby has undertaken to improperly influence the evidence in this case, he may seek discovery on such suspicions in the normal course, which itself has been shortened by the Court.  Expedited discovery, however, should not be allowed where, as here, the potential prejudice to Defendant far outweighs any limited value Plaintiff could achieve.

Moreover, were it the case that evidence of witness influence and destruction of evidence created sufficient grounds for expedited discovery, Ms. Cosby would also be entitled to such relief.  As set forth in *Blonde Ambition*, evidence indicates (including from witnesses and police reports) that Plaintiff, *inter alia*, hired a private investigator to intimidate a witness in the investigation into Daniel Smith's death, *Blonde Ambition* p. 47, destroyed evidence potentially related to Mr. Smith's death, *Blonde Ambition* p. 51-53, and perjured himself during the hearings held to determine Dannielynn Smith paternity, *Blonde Ambition* p. 28.  Yet, Defendants are not asking for expedited discovery on these allegations at this time.

---

[2] To the degree Plaintiff seeks expedited discovery to explore whether theoretically Ms. Cosby paid any witnesses pre-publication and to "safeguard the sanctity of this proceeding," Pl. Mem. at 16, there is no evidence to support plaintiff's speculation and such conjecture is hardly grounds to support expedited discovery.  Discovery in the normal course will preserve any and all arguments either party may elect to make regarding the credibility of evidence.

#189475v2                                    8

## II

## DEFENDANTS WILL BE UNDULY PREJUDICED IF THEY ARE FORCED TO ENGAGE IN EXPEDITED DISCOVERY

In sharp contrast to Plaintiff's inability to show that he will be harmed in any way if his Motion is denied, Ms. Cosby will suffer serious prejudice if she is forced to engage in the expedited discovery Plaintiff seeks. Unlike counsel for Plaintiff, who has likely been working on this matter for some time prior to filing Plaintiff's complaint, Ms. Cosby's counsel was retained only one week ago. Of course, Ms. Cosby will be at an inherent disadvantage if her counsel is forced to prepare for the depositions Plaintiff seeks on an expedited schedule, in that, *inter alia*, (i) her counsel may not be fully acquainted with the facts of this case when the depositions are conducted, and (ii) Plaintiff, rather than Ms. Cosby, will dictate the issues to which Ms. Cosby's counsel devotes her initial and immediate attention. *See Semitool*, 208 F.R.D. at 277 (noting that, unlike the present case, expedited discovery is appropriate where it will substantially "mov[] th[e] case forward" and will not subject the defendant to a deposition which its representative "may not have had sufficient time or information with which to prepare"); *see also Notaro*, 95 F.R.D. at 405 (noting that defendants should be protected from "unwarily incriminating themselves [in a deposition] before they have a chance to review the facts of the case and to retain counsel").

Moreover, although Ms. Cosby strenuously disputes Plaintiff's allegations of witness influence, and will ultimately show that she neither engaged in any such activity nor intended to do so, Plaintiff seems intent on pressing his claim that serious criminal activity occurred. In these circumstances, potential prejudice to a defendant should be of paramount concern to the Court. *Cf., Volmar Distributors v. New York Post,* 152 F.R.D. 36 (S.D.N.Y. 1993) (discussing circumstances in which a Court should *stay* discovery in a civil case pending determination of a

criminal action, in order to avoid prejudice against the deponent); *Kaiser, et al. v. Stewart*, Civ. A. No. 96-6643, 1997 U.S. Dist. LEXIS 1377 (E.D.P.A. Feb. 6, 1997) (applying reasoning of *Volmar* in favor of a partial stay of discovery against non-indicted defendants). Plaintiff's bold allegations of criminal behavior – despite the questionable reliability of the evidence – caution against, not for, expedited discovery. Especially as proceeding at a normal pace will cause little delay, consideration of the potential prejudice to Ms. Cosby of proceeding before she has had the opportunity to fully review the facts of the case, and before she has had the opportunity to even obtain all relevant evidence, far outweighs any theoretical harm to Plaintiff. *See Notaro*, 95 F.R.F. 403 at 404, *Entm't Tech. Corp. v. Walt Disney Imagineering*, Civ. A. No. 03-3546, 2003 U.S. Dist. LEXIS 19832 at *13 (E.D.P.A., Oct. 2, 2003) (discussing the circumstances in which *Notaro* standard, whereby Plaintiff needs to show irreparable harm before proceeding with expedited discovery, is still applicable).

### III

### EXPEDITED DISCOVERY IS NOT REASONABLE UNDER THE CIRCUMSTANCES

Plaintiff's motion should be denied for the additional reason that the expedited discovery Plaintiff seeks is not reasonable under the circumstances of the case. In order to refute Plaintiff's allegations of witness tampering in the Bahamas, Defendants must be afforded an opportunity to seek discovery of all persons involved, including depositions and copies of all relevant documents, audio and video tapes. As many witnesses to the events at issue are located in the Bahamas, such discovery could take weeks, if not months. In effect, Plaintiff asks that discovery proceed on two tracks: first, expedited discovery on the collateral issue of what actually occurred during a post-publication trip to the Bahamas. Next, once that inquiry is completed, he wants to proceed with discovery on the substantive issues in this lawsuit.

Given the six-month discovery schedule set by the Court in this Action, allowing expedited discovery on these collateral issues at the very beginning of the case – *before* the parties are able to engage in discovery of the allegations set forth in the complaint – is impractical at best. Many, if not all, of the witnesses relevant to Plaintiff's collateral issue are also relevant to the substantive claims. Forcing the parties to depose witnesses in relation to these issues now, and then again on the issues which are germane to the case, is likely to increase party costs, and to delay, rather than hasten, the discovery process. *See Semitool*, 208 F.R.D. at 277 (denying motion for expedited discovery as to third party defendants where requested discovery would, at best, "advance discovery by three weeks").

In sum, there is no reason to believe that any evidence Plaintiff thinks he will uncover in the course of his expedited discovery will not be available and obtainable in the normal course of discovery. Proceeding in a two-track, expedited manner will only prejudice Defendants, cause duplication of efforts and otherwise delay discovery on the real issues in this action.

## CONCLUSION

In light of the foregoing, Ms. Cosby respectfully requests that this Court deny Plaintiff's motion for expedited discovery.

Dated:   New York, New York
         October 24, 2007

DAVIS WRIGHT TREMAINE LLP

By:   ___/s/ Elizabeth A. McNamara___
      Elizabeth A. McNamara (EM 1987)
      Elisa L. Miller (EM 1974)
      1633 Broadway
      New York, New York 10019
      (212) 603-6437 (telephone)
      (212) 489-8340 (facsimile))

*Counsel for Defendant Rita Cosby*

## **CERTIFICATE OF SERVICE**

I, Elisa Miller, hereby certify that on October 24, 2007, a true and correct copy of the foregoing Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction and Expedited Discovery was served by e-mail and by overnight mail upon:

> L. Lin Wood
> Powell Goldstein LLP
> Fourteenth Floor
> 201 West Peachtree Street, NW
> Atlanta, Georgia 30309
>
> *Attorney for Plaintiff*

_____
Elisa L. Miller