UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOWARD K. STERN,<br><br>                    Plaintiff,<br><br>          versus<br><br>RITA COSBY and HACHETTE BOOK GROUP USA, INC. d/b/a Grand Central Publishing, and JOHN OR JANE DOE,<br><br>                    Defendants. | Civ. Action No. 07-CV-8536 (DC) |

**DEFENDANT HACHETTE BOOK GROUP USA, INC.'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR EXPEDITED DISCOVERY</u>**

Douglass B. Maynard
Deborah J. Newman
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, New York 10022
(212) 872-1019 (telephone)
(212) 872-1002 (facsimile)

*Counsel for Defendant Hachette Book Group USA, Inc.*

Defendant Hachette Book Group USA, Inc. respectfully submits this memorandum of law in opposition to Plaintiff Howard K. Stern's request for expedited discovery, and in further support of the Memorandum of Law filed by Defendant Rita Cosby in opposition to Plaintiff's motion.

## **Argument**

As set forth more fully in Ms. Cosby's memorandum of law, which Hachette hereby joins, a fair inquiry into the events forming the basis for Plaintiff's motion cannot be accomplished through the limited depositions of Ms. Cosby, Tom Bednarek and a representative of *In Touch Weekly* magazine. In order to gain a full understanding of what happened, the parties would need to obtain discovery from <u>all</u> of the people involved, including those located in the Bahamas. Reasonable discovery on this issue would take months to complete.

The parties need adequate time to fully explore the essential issues of the case, including whether any of the many challenged statements in the book are false, were published with actual malice or are otherwise actionable. Given the six-month discovery schedule set for the entire case, expedited discovery on the issues raised by Plaintiff could overwhelm discovery on the core issues, require several witnesses to be deposed more than once, and ultimately result in inordinate delay and expense for everyone.

Finally, Plaintiff has failed to set forth any compelling reason why such discovery should proceed at this time, rather than in the normal course of discovery. All parties have agreed to an order prohibiting them from destroying evidence, or improperly influencing witnesses. Thus, Plaintiff's assertion that expedited discovery is necessary to avoid the destruction of evidence is without merit.

1

## Conclusion

In light of the foregoing, Hachette respectfully requests that Plaintiff's motion be denied.

Dated:  New York, New York
        October 24, 2007

                              AKIN GUMP STRAUSS HAUER & FELD LLP

                              By: /s/ Douglass Maynard

                              Douglass B. Maynard
                              Deborah J. Newman
                              590 Madison Avenue
                              New York, New York 10022
                              (212) 872-1019 (telephone)
                              (212) 872-1002 (facsimile))

                              *Counsel for Defendant Hachette Book Group USA, Inc.*