**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

HOWARD K. STERN,

    Plaintiff,

vs.

RITA COSBY and
HACHETTE BOOK GROUP USA, INC.
d/b/a Grand Central Publishing, and
JOHN or JANE DOE,

    Defendants.

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY UNSEL**

Case No. 07-CIV-8536-DC

**PRELIMINARY STATEMENT**

The issue presented in Plaintiff Howard K. Stern's Motion for Expedited Discovery is straightforward: does the record before the Court present good cause for allowing limited expedited discovery to determine the extent and nature of Defendant Rita Cosby's attempts to interfere with potential witnesses? The answer is a resounding "yes." Transcripts of Cosby's statements previously submitted make clear that Cosby offered to pay two critical fact witnesses, both directly and indirectly, in exchange for a meeting with her or for the provision of an affidavit. Cosby was unabashed in these attempts requesting that the nannies' attorney create an invoice to make Cosby's payments "*appear* to be a legitimate expense" and stating that "[t]his doesn't mean that down the road I can't do more." Exhibit A to the Affidavit of L. Lin Wood, Esq., sworn to October 15, 2007, (hereinafter referred to as "Ex. A to Wood, Afd.") at 2 and 6. Cosby's words do not evidence some innocent mistake coming from contextual inaccuracies. Cosby's words evidence a clear intent to influence two very critical witnesses. With such clear intent, the question then becomes to what extent did Cosby attempt to influence other fact witnesses and to what extent has Cosby attempted to illegally shape or stymie discovery of the

truth. Stern has a right to determine—prior to discovery on the merits—the extent of her wrongful interference and either take steps to remediate the harm done or to seek the appropriate sanctions to ensure his right to a fair trial and to protect the integrity of these proceedings.

Cosby's actions have potentially compromised both the integrity of the judicial process in this case and Stern's right to a fair trial. Stern's motion for preliminary injunction, expedited discovery, and preservation of evidence was prompted by the media's publication of a tape recording revealing that Cosby had interfered with witnesses with the obvious intent to manufacture evidence and testimony to shore up a fabricated defense against her reckless disregard for the truth or falsity of the scandalous and salacious accusations she published in *Blonde Ambition.* Unfortunately, Stern knows nothing more than the public. From these tapes, Stern knows that Cosby went to the Bahamas and attempted to pay "the nannies," key witnesses to numerous accusations in her book, at least $3000.00 an hour to meet with her and apparently verify the scurrilous accusations she long since published.

> *But, but, but now Lincoln, I cannot do much more because then it would look outrageous. You know what I mean. Because the problem is now that I'm dealing with the court thing, you have to understand, my thought's it's going to come back. Do you know what I'm saying?*
>
> *. . . See cause then if it ever comes back that I, that I gave any money, it could be, appear to be a legitimate expense, you know what I mean?*

Ex. A to Wood Afd., at 2 and 4.

In the words of this Court, ""[i]f the tape is accurate, it does suggest that Ms. Cosby was trying to interfere with witnesses . . . ." Transcript of Hearing, October 18, 2007, (hereinafter referred to as "Tr.") at 2. The accuracy of this tape is not disputed. Cosby's counsel confirmed that the conversation between Cosby and Lincoln Bain reflected in the tape occurred and advised that there is "no reason to believe that it is a manufactured tape. . . ." Tr. at 5. Moreover, since

the parties' appearance before the Court on October 18, 2007, Cosby has produced nothing to suggest otherwise.  Surely, Cosby's willingness to apparently engage in criminal conduct and compromise witnesses and evidence relating to Stern's claims in this lawsuit establishes good cause for Plaintiff's narrowly targeted and reasonable request for expedited discovery aimed at determining the extent and nature of Cosby's witness interference, before engaging in substantive discovery. Indeed, such discovery is warranted to even determine whether Stern can receive a fair trial, or whether the witness pool has been tampered with in such a way as to effectively destroy Stern's rights.

Discovery simply cannot proceed in the normal course in this action, not because this is a high-profile case, but because of Cosby's apparent criminal actions.  This is not an ordinary situation.  This is a unique and serious exception to the normal conduct of parties and extraordinary measures are both necessary and reasonable under the circumstances.  Until the extent of Cosby's efforts to obstruct justice and tamper with witnesses is uncovered, Stern and the Court cannot trust the integrity of discovery of substantive issues and Stern cannot be assured the right to a fair trial.  Stern has the right to know <u>before</u> he proceeds with substantive discovery, deposes any fact witness, or requests documents from a third party, whether Cosby has interfered with that witness in the same way she interfered with the nannies.

The parties have calendared their Rule 26(f) conference for November 12, 2007, with discovery set to commence on November 13, 2007, the same date on which Defendants' responses to Plaintiff's Complaint are due.  Plaintiff anticipates that Defendants will file Rule 12(b) motions to dismiss his Complaint along with motions to stay discovery pending a ruling on their allegedly dispositive motions.

I.   ARGUMENT AND CITATION OF AUTHORITY

A.   **Stern Has Demonstrated Good Cause For Expedited Discovery On The Limited Issue Of Cosby's Obstruction Of Justice And Witness Tampering.**

Stern is entitled to expedited discovery on the limited issue of Cosby's obstruction of justice and witness tampering because he has demonstrated "good cause" for expedited discovery. *Ayyash v. Ban Al-Madina*, 233 F.R.D. 403, 405 (S.D.N.Y. 2005). For the purposes of the Motion, Cosby assumes that the "good cause and reasonableness" standard applies. [Def. Rita Cosby's Mem. of Law in Opp'n to Pl.'s Mot. for Expedited Disc. ("Cosby's Mem."), 2.] Although Cosby discusses the "good cause and reasonableness" standard, Cosby attempts to impose on Stern a heightened standard of demonstrating that he will be prejudiced without expedited discovery. Indeed, Cosby inverts the appropriate standard, which requires a demonstration that the responding party will be prejudiced by expedited discovery. *OMG Fidelity, Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 305 (N.D.N.Y. 2006). The burden that Stern must satisfy is "good cause and reasonableness," which Stern easily satisfies because Cosby's attempts to obstruct justice and tamper with fact witnesses directly impact all future discovery in this action and outweigh any potential prejudice to Defendants.

The requisite good cause required for expedited discovery exists here in actual evidence: it is contained in taped conversations in which Cosby is heard attempting to illegally interfere with fact witnesses by offering various monetary payments to them. The transcript of one of the tapes, attached as Exhibit A to the Affidavit of L. Lin Wood, Esq., speaks for itself. Neither Cosby nor her counsel denies the authenticity of the transcript's content. The transcript clearly and unambiguously reveals Cosby attempting to interfere with the administration of justice by offering to pay $3,000 per hour to meet with two fact witnesses and then have the fact witnesses' attorney falsely manufacture a statement for legal services so that Cosby can—under oath in this

action—deny that she paid the fact witnesses without anyone the wiser. *See Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) ("[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party").

Neither Cosby nor Defendant Hachette Book Group USA, Inc. ("Hachette") has articulated how exploring witness tampering and obstruction of justice could expose Cosby or Hachette to prejudice in the substantive case.  Indeed, neither Cosby nor Hachette has identified any prejudice either will suffer if this Court grants Plaintiff's Motion other than inconvenience to Defendants' counsel.  Both Cosby and Hachette have been on notice of this lawsuit for nearly two months, when, on August 31, 2007, counsel for Mr. Stern advised both Defendants in writing prior to publication of *Blonde Ambition* that Stern would file this libel action if Defendants published false and defamatory statements about Stern in *Blonde Ambition*.  Stern should not be punished for Cosby's and Hachette's delay in retaining counsel.  Even if Cosby could articulate some purported prejudice she might suffer if this Court orders expedited discovery, the requisite good cause still exists because her own acts in interfering with the administration of justice significantly outweigh any prejudice to her in responding to discovery related to witness tampering and obstruction of justice.  *See Semitool*, 208 F.R.D., at 275-76. Accordingly, this Court should grant Plaintiff's Motion.

**B.     Expedited Discovery Is Necessary On The Limited Issue of Cosby's Obstruction Of Justice And Witness Tampering.**

Expedited discovery is necessary in this action on the limited issue of Cosby's obstruction of justice and witness tampering because Stern needs to know the extent of Cosby's interference with the administration of justice and the integrity of this case <u>before</u> engaging in discovery on the merits.  The depth and extent of Cosby's apparent criminal conduct directly

- 5 -

affect how Stern can approach discovery on the substantive issues in this action and are determinative as to whether substantive discovery will allow Mr. Stern to exercise his right to a fair trial.

Stern is not requesting expedited discovery on the underlying merits of this action. Rather, Stern is requesting expedited discovery on a distinct and separate issue: the extent to which Cosby and her representatives contacted, or attempted to contact, prospective fact witnesses in a manner which could be construed as attempting to influence or interfere with that witness' truthful testimony.  To be sure, it is not the typical case where discovery is necessary on the subject of a party's interference with fact witnesses in a case.  Through her actions, however, Cosby has on at least one occasion attempted to impair Stern's right to a fair trial, and Stern is entitled to uncover how extensive Cosby's illicit conduct was before engaging in discovery on the merits of this case.  Stern should not be forced to conduct discovery in the normal course on the merits of this action given Cosby's extraordinary conduct in compromising the integrity of these proceedings and his fundamental rights.

Defendants' repeated attempts to use Cosby's wrongful conduct as a shield against expedited discovery is misplaced.  For example, Hachette simultaneously objects to expedited discovery on the grounds that it is both too narrow ("[i]n order to gain a full understanding of what happened, the parties would need to obtain discovery from all of the people involved . . .") and simultaneously too broad ("[g]iven the six-month discovery schedule set for the entire case, expedited discovery on the issues raised by Plaintiff could overwhelm discovery on the core issues . . ."). (Def. Hachette's Mem. of Law in Opp'n to Pl.'s Mot. for Expedited Disc., 1.) Because of Cosby's actions, Stern and this Court cannot trust discovery on the merits until the extent of Cosby's efforts to influence witnesses or manufacture evidence in this case is known.

If the price to be paid to establish truth and the extent of Cosby's wrongdoing is many depositions and a few months of discovery on this limited topic as suggested by Hachette, Stern is prepared to pay that price and the system of justice must allow for it to protect the integrity of the system and to ensure Stern's right to a fair trial.  The fact that it may take longer to develop a full record on Cosby's potential criminality with respect to interfering with witnesses should not be an excuse to avoid prompt inquiry into the topic.

Stern, however, has not requested numerous depositions or a broad scope to expedited discovery.  Stern has instead requested expedited discovery on the discrete topics of witness tampering and obstruction of justice by Defendants and their cohorts—an issue separate from discovery on the merits of the case.  To this end, Stern seeks the depositions of four witnesses directly implicated in obstruction of justice and witness tampering: Rita Cosby, Tom Bednarek, the attorney identified by Cosby in her taped conversations, and a representative of *In Touch Weekly* magazine.  Stern also seeks to serve limited document requests on these same witnesses.  With the exception of Cosby, the three remaining witnesses from which Stern seeks expedited discovery do not appear to be witnesses to the substantive issues in this litigation; therefore, Cosby's claim that fact witnesses will be deposed multiple times is meritless.  These three fact witnesses and other potential fact witnesses to Cosby's witness tampering and obstruction of justice are not subject to the Court's preservation order and do, therefore, require a level of urgency with respect to discovery directed at them.  To the extent that Cosby will be deposed more than once in this action, she created this problem for herself through her own unscrupulous actions in relation to fact witnesses in this action and should not be permitted to benefit from these actions.

Cosby's contention that she should not be deposed more than once is a once again misplaced attempt by Cosby to use her illicit conduct as a shield against prompt inquiry into that conduct. Cosby's own actions have created this predicament for her, and Stern should not be forced to expedite his discovery on the substantive issues in the matter in order to kowtow to Cosby's preferences. At a minimum, this Court should embrace the two-track procedure anticipated by Cosby thereby permitting Stern to depose Cosby on the limited issue of obstruction of justice and witness tampering and then later depose Cosby in the normal course of discovery on the substantive issues of this action. Accordingly, this Court should grant Stern's Motion for Expedited Discovery.

**C.    Defendants' Remaining Articulated Opposition to Expedited Discovery Lacks Merit.**

Cosby erroneously suggests to the Court that Stern would be given a "head start" in discovery if this Court grants Stern's Motion. Stern only seeks to ensure his right to a fair trial by knowing before he engages in substantive discovery whether prospective deponents and subpoena recipients have been the objects of Cosby's influence. Moreover, expedited discovery on obstruction of justice and witness tampering as it relates to this case could be a two-way street. Although, unlike Cosby, there exists no evidence whatsoever that Stern has attempted to improperly influence witnesses, manufacture evidence, or perjure himself with respect to this case, if Cosby or Hachette can satisfy the Court that good cause exists to expedite a deposition from Stern on whether he has attempted to influence witnesses in this case, then Stern will be made available for expedited discovery on those issues.[1]

---

[1]   Cosby attempts to accuse Stern of interfering with witnesses and destroying evidence in general but not in this case. (Cosby Mem., 8.) It is interesting that Cosby has now admitted that in *Blonde Ambition* she accused Stern of the crimes of witness intimidation, destruction of evidence, and perjury. (*See id.*)

Cosby also seems to suggest to the Court that Stern has a sinister motive in seeking expedited discovery from her, Bednarek, the unidentified attorney, and a representative from *In Touch* and in not seeking the tape recordings held by Mr. Bain. Stern has had no need to acquire tapes from Bain because tapes that evidence Cosby's attempts to interfere with witnesses already exist in the public domain. Stern knows that Cosby attempted to interfere with the nannies. Now Stern seeks knowledge of whether Cosby attempted to interfere with other witnesses and, if so, then to what extent.

Good cause exists for expedited discovery on the limited topic of Cosby's obstruction of justice and witness interference. Neither Cosby nor Hachette has articulated any manner in which either would be prejudiced by expedited discovery on this discrete topic. Stern, however, faces the prospect of an unfair trial if he does not know beforehand whether the objects of his discovery have been the objects of Cosby's or her representatives' interference. Stern's concerns are not speculative because evidence exists that Cosby illicitly interfered with the nannies. Therefore, this Court should grant Stern's Motion for Expedited Discovery on the limited topic of Cosby's obstruction of justice and witness interference.

## II.    CONCLUSION

This is an extraordinary situation calling for extraordinary action by the Court to protect the integrity of the justice system. Stern should be allowed to learn the extent of Cosby's efforts to tamper with witnesses in this case before engaging in discovery from potentially those very same witnesses. Stern has no ability to assess the degree and extent of Cosby's wrongful conduct without the Court's intervention. This Court, therefore, should GRANT Stern's Motion for Expedited Discovery on the limited issue of Cosby's obstruction of justice and witness tampering and order (1) the depositions of Rita Cosby, Tom Bednarek, the attorney identified by

Cosby in her taped conversations, and a representative of *In Touch Weekly* magazine on the limited topic of Cosby's attempts to influence the testimony of fact witnesses in this action and (2) that Stern may serve pre-answer document requests on the limited topic of Cosby's attempts to influence the testimony of fact witnesses in this action.

In the alternative, this Court should order that Stern may immediately depose Cosby on the limited topic of her attempts to influence the testimony of fact witnesses in this action without waiving his right to depose Cosby in the normal course of discovery on the substantive issues in this action.

Dated: October 26, 2007.

/s/ L. Lin Wood
L. Lin Wood (Georgia Bar No. 774588)
*Appearing pro hac vice*
Nicole Jennings Wade (Georgia Bar No. 390922)
*Application to appear pro hac vice pending*
John C. Patton (Georgia Bar No. 567232)
*Application to appear pro hac vice pending*
Luke A. Lantta (Georgia Bar No. 141407)
*Application to appear pro hac vice pending*

POWELL GOLDSTEIN LLP
One Atlantic Center
Fourteenth Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 572-6600
Fax: (404) 572-6999

/s/ Lisa DiPoala Haber
William J. Gilberti, Jr., Esq.(Bar Roll No. _____)
Lisa DiPoala Haber, Esq. (Bar Roll No. LH0989)
Belina Anderson, Esq. (Bar Roll No. BA5133)

GILBERTI STINZIANO HEINTZ & SMITH, P.C.
555 East Genesee Street
Syracuse, New York 13202
Tel: (315) 442-0100
Fax: (315) 442-0169

*Attorneys for Plaintiff*