Douglass B. Maynard
Deborah J. Newman
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, NY 10022
(212) 872-1000

*Attorneys for Hachette Book Group USA, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOWARD K. STERN, <br><br> Plaintiff, <br><br> versus <br><br> RITA COSBY and HACHETTE BOOK GROUP USA, INC. d/b/a Grand Central Publishing, and JOHN OR JANE DOE, <br><br> Defendants. | Civ. Action No. 07-CV-8536 (DC) <br><br> **HACHETTE BOOK GROUP USA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

For its Answer and Affirmative Defenses to Plaintiff Howard K. Stern's Complaint for Libel (the "Complaint"), defendant Hachette Book Group USA, Inc. ("Hachette"), by and through its undersigned counsel, Akin Gump Strauss Hauer & Feld LLP, states the following:

## PRELIMINARY STATEMENT

1.     Hachette denies the allegations contained in paragraph 1 of the Complaint, except admits that BLONDE AMBITION: THE UNTOLD STORY BEHIND ANNA NICOLE SMITH'S DEATH ("*Blonde Ambition*" or the "Book") was written by Rita Cosby with the assistance of another writer and published by Grand Central Publishing, a division of Hachette.

## THE PARTIES

2.      Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.      Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.      Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except admits that Vickie Lynn Marshall is better known as Anna Nicole Smith.

5.      Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, except admits that Ms. Smith was a model, actress, corporate spokeswoman, reality television star and celebrity.

6.      Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.      Hachette admits the allegations contained in paragraph 7 of the Complaint.

8.      Hachette admits the allegations contained in paragraph 8 of the Complaint

9.      Hachette admits the allegations contained in paragraph 9 of the Complaint.

10.      Hachette admits the allegations contained in paragraph 10 of the Complaint.

11.      Hachette admits the allegations contained in paragraph 11 of the Complaint.

12.      Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, except admits that Cosby has a high level of credibility with the American public about her statements regarding current events.

13.      Hachette admits the allegations contained in paragraph 13 of the Complaint.

14.    Hachette denies the allegations contained in paragraph 14 of the Complaint, except admits that Hachette has a number of publishing divisions, including Grand Central Publishing.

15.    Hachette admits the allegations contained in paragraph 15 of the Complaint.

16.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.    Hachette denies the allegations contained in paragraph 17 of the Complaint.

18.    Hachette denies the allegations contained in paragraph 18 of the Complaint, except admits that Grand Central Publishing, a division of Hachette, has published, marketed, distributed and sold *Blonde Ambition* throughout the nation and continues to do so.

19.    Hachette admits that Grand Central Publishing, a division of Hachette, engaged in efforts via the Internet, national television and national radio to publicize *Blonde Ambition*.

## JURISDICTION AND VENUE

20.    Paragraph 20 contains conclusions of law to which no response is required.

21.    Paragraph 21 contains conclusions of law to which no response is required.

22.    Paragraph 22 contains conclusions of law to which no response is required.

23.    Paragraph 23 contains conclusions of law to which no response is required.

24.    Paragraph 24 contains conclusions of law to which no response is required.

25.    Paragraph 25 contains conclusions of law to which no response is required.

## FACTUAL BACKGROUND

26.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27.     Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, except admits that Stern was one of several attorneys who represented Ms. Smith in connection with litigation over the estate of her deceased husband, J. Howard Marshall.

28.     Hachette denies the allegations contained in paragraph 28 of the Complaint.

29.     Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, except admits that Stern and Ms. Smith lived in a house in Studio City, California, and that Daniel Wayne Smith also lived in that house.

30.     Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, except admits that Ms. Smith did live in the Bahamas and made efforts to establish residency.

31.     Hachette denies the allegations contained in paragraph 31 of the Complaint, except admits that Ms. Smith gave birth to Dannielynn Hope Marshall Stern in September 2006 and that Stern was listed as the father on Dannielynn's birth certificate.

32.     Hachette denies the allegations contained in paragraph 32 of the Complaint, except admits that several men claimed to be Dannielynn's father, including Larry Birkhead, who was a photographer who had a relationship with Ms. Smith.

33.     Hachette admits the allegations contained in paragraph 33 of the Complaint.

34.     Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, except admits that Daniel Smith died on September 10, 2006 while visiting his mother in the Bahamas.

35.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, except admits that no criminal charges have been publicly identified in connection with Daniel Smith's death.

37.    Hachette denies the allegations contained in paragraph 37 of the Complaint.

38.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39.    Hachette denies the allegations contained in paragraph 39 of the Complaint, except admits that Daniel Smith's death became the subject of print and broadcast media attention.

40.    Hachette admits the allegations contained in paragraph 40 of the Complaint.

41.    Hachette denies the allegations contained in paragraph 41 of the Complaint, except admits that Birkhead filed a paternity action claiming that he was Dannielynn's biological father.

42.    Hachette admits the allegations contained in paragraph 42 of the Complaint.

43.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint, except admits that there is a dispute over ownership of the house, known as "Horizons," in which Ms. Smith and Stern were living in the Bahamas.

44.    Hachette denies the allegations contained in paragraph 44 of the Complaint, except admits that G. Ben Thompson was a friend of Anna Nicole Smith's and that Mr. Thompson contended that he signed the deed on the Horizons house over to Ms. Smith so that

she could get expedited residency, and that Anna was to make payments toward the mortgage on the house.

45.     Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, except admits that Ford Shelley was a friend of Anna Nicole Smith's and that Ford Shelley is involved in the dispute over Horizons.

46.     Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint, except admits that a letter notifying Anna Nicole Smith that she had to vacate Horizons by October 31, 2006 was delivered to Horizons the day after Daniel Smith's funeral and that Dannielynn was less than three months old at the time.

47.     Hachette admits the allegations contained in paragraph 47 of the Complaint.

48.     Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, except admits that on February 5, 2007 Ms. Smith and Stern traveled to Hollywood, Florida in connection with picking up a boat.

49.     Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint, except admits that Ms. Smith died on February 8, 2007.

50.     Hachette denies the allegations contained in paragraph 50 of the Complaint, except admits that Ms. Smith was found unresponsive at the Seminole Hard Rock Hotel & Casino in Hollywood, Florida on February 8, 2007 and was pronounced dead later that day at Memorial Regional Hospital.

51.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, except admits that no criminal charges have been publicly identified in connection with the death of Anna Nicole Smith.

52.    Hachette denies the allegations contained in paragraph 52 of the Complaint

53.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54.    Hachette states that the official report on the autopsy performed on Ms. Smith speaks for itself.  To the extent that the allegations contained in paragraph 54 of the Complaint are inconsistent with such report, Hachette denies the allegations.

55.    Hachette states that the statements made by Seminole Chief of Police Charles Tiger during a March 26, 2007 press conference speak for themselves.  To the extent that the allegations contained in paragraph 55 of the Complaint are inconsistent with such statements, Hachette denies the allegations.

56.    Hachette denies the allegations contained in paragraph 56 of the Complaint, except admits that Anna Nicole Smith's death became the subject of print and broadcast media attention.

57.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint.

58.    Hachette admits the allegations contained in paragraph 58 of the Complaint.

59.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint, except admits that after Ms. Smith's death Stern filed a petition seeking custody of Ms. Smith's body.

60.    Hachette admits the allegations contained in paragraph 60 of the Complaint.

61.    Hachette admits the allegations contained in paragraph 61 of the Complaint.

62.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, except admits that Arthur was represented in the Florida proceedings over custody of Anna Nicole Smith's body by attorney John O'Quinn.

63.    Hachette admits the allegations contained in paragraph 63 of the Complaint.

64.    Hachette admits the allegations contained in paragraph 64 of the Complaint.

65.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint, except admits that Birkhead sought custody of Dannielynn in the Bahamas.

67.    Hachette denies the allegations contained in paragraph 67 of the Complaint, except admits that a DNA test revealed that Birkhead was Dannielynn's biological father, and that Stern subsequently withdrew his opposition to Birkhead's request for custody of Dannielynn.

68.    Hachette denies the allegations contained in paragraph 68 of the Complaint, except admits that after DNA test results were known, Birkhead took physical custody of Dannielynn, and she returned with him to the United States.

69.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint, except admits that Arthur opposed Birkhead's custody of Dannielynn.

70.    Hachette admits the allegations contained in paragraph 70 of the Complaint.

71.    Hachette denies the allegations contained in paragraph 71 of the Complaint, except admits that Cosby's employment with MSNBC ended.

72.    Hachette states that the contract between Grand Central Publishing, a division of Hachette, and Cosby speaks for itself. To the extent that the allegations contained in paragraph 72 are inconsistent with such contract, the allegations are denied.

73.    Hachette states that the contract between Grand Central Publishing, a division of Hachette, and Cosby speaks for itself. To the extent that the allegations contained in paragraph 73 are inconsistent with such contract, the allegations are denied.

74.    Hachette states that the contract between Grand Central Publishing, a division of Hachette, and Cosby speaks for itself. To the extent that the allegations contained in paragraph 74 are inconsistent with such contract, the allegations are denied.

75.    Hachette denies the allegations contained in paragraph 75 of the Complaint, and states further that the letters attached as Exhibits A-C to the Complaint speak for themselves, and that to the extent that the allegations contained in paragraph 75 of the Complaint are inconsistent with such letters, the allegations are denied.

76.    Hachette denies the allegations contained in paragraph 76 of the Complaint.

77.    Hachette denies the allegations contained in paragraph 77 of the Complaint.

78.    Hachette denies the allegations contained in paragraph 78 of the Complaint, except admits that Hachette did not speak to Stern before *Blonde Ambition* was published.

79.    Hachette denies the allegations contained in paragraph 79 of the Complaint, except admits that Grand Central Publishing, a division of Hachette, published *Blonde Ambition*.

80.   Hachette denies the allegations contained in paragraph 80 of the Complaint, except admits that the number of copies of Blonde Ambition that have been sold is presently unknown, and that as of October 7, 2007, the Book had been on the New York Times Hardcover Non-Fiction Bestseller List for three weeks.

81.   Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint, except admits that Cosby conducted interviews to promote *Blonde Ambition*.

82.   Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint, except admits that Stern has demanded retractions from Hachette and has written letters to various media outlets.

## CAUSE OF ACTION FOR LIBEL

83.   Hachette incorporates and repeats as if fully set forth herein its responses to the allegations contained in paragraphs 1 through 82 of the Complaint.

84.   Hachette denies the allegations contained in paragraph 84 of the Complaint.

85.   Hachette denies the allegations contained in paragraph 85 of the Complaint.

86.   Hachette denies the allegations contained in paragraph 86 of the Complaint.

87.   Hachette denies the allegations contained in paragraph 87 of the Complaint.

88.   Hachette denies the allegations contained in paragraph 88 of the Complaint.

89.   Hachette denies the allegations contained in paragraph 89 of the Complaint.

90.   Hachette denies the allegations contained in paragraph 90 of the Complaint.

91.   Hachette denies the allegations contained in paragraph 91 of the Complaint.

92.    Hachette denies the allegations contained in paragraph 92 of the Complaint, except admits that it published the passage quoted therein, and states further that the quoted passage must be read and understood in the context of the entire Book.

93.    Hachette denies the allegations contained in paragraph 93 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

94.    Hachette denies the allegations contained in paragraph 94 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

95.    Hachette denies the allegations contained in paragraph 95 of the Complaint.

96.    Hachette denies the allegations contained in paragraph 96 of the Complaint.

97.    Hachette denies the allegations contained in paragraph 97 of the Complaint.

98.    Hachette denies the allegations contained in paragraph 98 of the Complaint.

99.    Hachette denies the allegations contained in paragraph 99 of the Complaint.

100.    Hachette denies the allegations contained in paragraph 100 of the Complaint, except admits that in response to *Blonde Ambition*, Birkhead has stated publicly that he did not engage in any type of sexual act with Stern at any time.

101.    Hachette denies the allegations contained in paragraph 101 of the Complaint.

102.    Hachette denies the allegations contained in paragraph 102 of the Complaint.

103.    Hachette denies the allegations contained in paragraph 103 of the Complaint, and refers to the passage quoted in paragraph 92 of the Complaint, which speaks for itself and must be read and understood in the context of the entire Book.

104.    Hachette denies the allegations contained in paragraph 104 of the Complaint.

105.    Hachette denies the allegations contained in paragraph 105 of the Complaint.

106.    Hachette denies the allegations contained in paragraph 106 of the Complaint.

107.    Hachette denies the allegations contained in paragraph 107 of the Complaint.

108.    Hachette denies the allegations contained in paragraph 108 of the Complaint, except admits that Mark Hatten dated Anna Nicole Smith.

109.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint.

110.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Complaint, except admits that Mark Hatten is serving a seven-year prison term.

111.    Hachette denies the allegations contained in paragraph 111 of the Complaint.

112.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Complaint.

113.    Hachette denies the allegations contained in paragraph 113 of the Complaint, except admits that Jackie Hatten never met Larry Birkhead face-to-face while Ms. Smith was alive.

114.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the Complaint.

115.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 of the Complaint.

116.    Hachette denies the allegations contained in paragraph 116 of the Complaint.

117.    Hachette denies the allegations contained in paragraph 117 of the Complaint.

118.    Hachette denies the allegations contained in paragraph 118 of the Complaint.

119.    Hachette denies the allegations contained in paragraph 119 of the Complaint, except admits that it published the passage quoted therein, and states further that the quoted passage must be read and understood in the context of the entire Book.

120.    Hachette denies the allegations contained in paragraph 120 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

121.    Hachette denies the allegations contained in paragraph 121 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

122.    Hachette denies the allegations contained in paragraph 122 of the Complaint, states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*, and denies knowledge or information as to whether a videotape currently exists.

123.    Hachette denies the allegations contained in paragraph 123 of the Complaint.

124.    Hachette denies the allegations contained in paragraph 124 of the Complaint.

125.    Hachette denies the allegations contained in paragraph 125 of the Complaint.

126.    Hachette denies the allegations contained in paragraph 126 of the Complaint.

127.    Hachette denies the allegations contained in paragraph 127 of the Complaint, except admits that in response to *Blonde Ambition*, Birkhead has publicly stated that he did not engage in any type of sexual act with Stern at any time.

128.    Hachette denies the allegations contained in paragraph 128 of the Complaint.

129.    Hachette denies the allegations contained in paragraph 129 of the Complaint.

130.    Hachette denies the allegations contained in paragraph 130 of the Complaint.

131.    Hachette denies the allegations contained in paragraph 131 of the Complaint.

132.    Hachette denies the allegations contained in paragraph 132 of the Complaint, and refers to the passage quoted in paragraph 119 of the Complaint, which speaks for itself and must be read and understood in the context of the entire Book.

133.    Hachette denies the allegations contained in paragraph 133 of the Complaint, except admits that Hachette did not speak directly to Alexis or Alexie prior to publishing the Book.

134.    Hachette denies the allegations contained in paragraph 134 of the Complaint.

135.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 of the Complaint, except admits that Alexis and Alexie were employed as nannies for Dannielynn.

136.    Hachette denies the allegations contained in paragraph 136 of the Complaint, except admits that Alexis has publicly stated that she was paid by an attorney for Ford Shelley in connection with an affidavit and that the affidavit contained inaccuracies.

137.    Hachette denies the allegations contained in paragraph 137 of the Complaint.

138.    Hachette denies the allegations contained in paragraph 138 of the Complaint.

139.    Hachette denies the allegations contained in paragraph 139 of the Complaint.

140.    Hachette denies the allegations contained in paragraph 140 of the Complaint, except admits that the investigators referred to in the passage quoted in paragraph 119 of the Complaint were retained by John O'Quinn.

141.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141 of the Complaint, except admits that O'Quinn

represented Arthur in connection with the legal proceedings involving custody of Ms. Smith's body.

142.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142 of the Complaint.

143.    Hachette admits the allegations contained in paragraph 143 of the Complaint.

144.    Hachette denies the allegations contained in paragraph 144 of the Complaint.

145.    Hachette denies the allegations contained in paragraph 145 of the Complaint.

146.    Hachette denies the allegations contained in paragraph 146 of the Complaint.

147.    Hachette denies the allegations contained in paragraph 147 of the Complaint, except admits that it published the passage quoted therein, and states further that the quoted passage must be read and understood in the context of the entire Book.

148.    Hachette denies the allegations contained in paragraph 148 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

149.    Hachette denies the allegations contained in paragraph 149 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

150.    Hachette denies the allegations contained in paragraph 150 of the Complaint.

151.    Hachette denies the allegations contained in paragraph 151 of the Complaint.

152.    Hachette denies the allegations contained in paragraph 152 of the Complaint.

153.    Hachette denies the allegations contained in paragraph 153 of the Complaint, and refers to the passage quoted in paragraph 147 of the Complaint, which speaks for itself and must be read and understood in the context of the entire Book.

154.    Hachette denies the allegations contained in paragraph 154 of the Complaint.

155.    Hachette denies the allegations contained in paragraph 155 of the Complaint, and refers to the passage quoted in paragraph 147 of the Complaint, which speaks for itself and must be read and understood in the context of the entire Book.

156.    Hachette denies the allegations contained in paragraph 156 of the Complaint.

157.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 157 of the Complaint.

158.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158 of the Complaint, and states that Hachette is not aware of the identity of the male Bahamian employee referred to in paragraph 158 of the Complaint.

159.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159 of the Complaint, and states that Hachette is not aware of the identity of the male Bahamian employee referred to in paragraph 159 of the Complaint.

160.    Hachette denies the allegations contained in paragraph 160 of the Complaint.

161.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161 of the Complaint, and states that Hachette is not aware of the identity of the male Bahamian employee referred to in paragraph 161 of the Complaint.

162.    Hachette denies the allegations contained in paragraph 162 of the Complaint, except admits that it published the passage quoted therein, and states further that the quoted passage must be read and understood in the context of the entire Book.

163.    Hachette denies the allegations contained in paragraph 163 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

164.    Hachette denies the allegations contained in paragraph 164 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

165.    Hachette denies the allegations contained in paragraph 165 of the Complaint.

166.    Hachette denies the allegations contained in paragraph 166 of the Complaint.

167.    Hachette denies the allegations contained in paragraph 167 of the Complaint.

168.    Hachette denies the allegations contained in paragraph 168 of the Complaint.

169.    Hachette denies the allegations contained in paragraph 169 of the Complaint.

170.    Hachette denies the allegations contained in paragraph 170 of the Complaint, and refers to the passage quoted in paragraph 162 of the Complaint, which speaks for itself and must be read and understood in the context of the entire Book.

171.    Hachette denies the allegations contained in paragraph 171 of the Complaint.

172.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 172 of the Complaint, except admits that Mark Hatten dated Ms. Smith.

173.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 173 of the Complaint.

174.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 174 of the Complaint, except admits that Mark Hatten is serving a seven-year prison term.

175. Hachette denies the allegations contained in paragraph 175 of the Complaint, except admits that Hachette was aware that Mark Hatten is serving a seven-year prison term prior to the publication of *Blonde Ambition*.

176. Hachette denies the allegations contained in paragraph 176 of the Complaint, except admits that Mark Hatten filed a lawsuit against Stern on September 7, 2007 and respectfully refers to the filed lawsuit.

177. Hachette denies the allegations contained in paragraph 177 of the Complaint.

178. Hachette denies the allegations contained in paragraph 178 of the Complaint.

179. Hachette denies the allegations contained in paragraph 179 of the Complaint, except admits that it published the passage quoted therein. Hachette states further that the quoted passage must be read and understood in the context of the entire Book.

180. Hachette denies the allegations contained in paragraph 180 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

181. Hachette denies the allegations contained in paragraph 181 of the Complaint.

182. Hachette denies the allegations contained in paragraph 182 of the Complaint.

183. Hachette denies the allegations contained in paragraph 183 of the Complaint.

184. Hachette denies the allegations contained in paragraph 184 of the Complaint.

185. Hachette denies the allegations contained in paragraph 185 of the Complaint.

186. Hachette denies the allegations contained in paragraph 186 of the Complaint, and refers to the passage quoted in paragraph 179 of the Complaint, which speaks for itself and must be read and understood in the context of the entire Book.

187. Hachette denies the allegations contained in paragraph 187 of the Complaint.

188.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 188 of the Complaint.

189.    Hachette denies the allegations contained in paragraph 189 of the Complaint.

190.    Hachette denies the allegations contained in paragraph 190 of the Complaint, except admits that it published the passage quoted therein, and states further that the quoted passage must be read and understood in the context of the entire Book.

191.    Hachette denies the allegations contained in paragraph 191 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

192.    Hachette denies the allegations contained in paragraph 192 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

193.    Hachette denies the allegations contained in paragraph 193 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

194.    Hachette denies the allegations contained in paragraph 194 of the Complaint.

195.    Hachette denies the allegations contained in paragraph 195 of the Complaint.

196.    Hachette denies the allegations contained in paragraph 196 of the Complaint.

197.    Hachette denies the allegations contained in paragraph 197 of the Complaint.

198.    Hachette denies the allegations contained in paragraph 198 of the Complaint, except admits that it published the passage quoted therein, and states further that the quoted passage must be read and understood in the context of the entire Book.

199.    Hachette denies the allegations contained in paragraph 199 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

200.    Hachette denies the allegations contained in paragraph 200 of the Complaint.

201.    Hachette denies the allegations contained in paragraph 201 of the Complaint.

202.    Hachette denies the allegations contained in paragraph 202 of the Complaint.

203.    Hachette denies the allegations contained in paragraph 203 of the Complaint.

204.    Hachette denies the allegations contained in paragraph 204 of the Complaint.

205.    Hachette denies the allegations contained in paragraph 205 of the Complaint, and refers to the passage quoted in paragraph 198 of the Complaint, which speaks for itself and must be read and understood in the context of the entire Book.

206.    Hachette denies the allegations contained in paragraph 206 of the Complaint.

207.    Hachette denies the allegations contained in paragraph 207 of the Complaint.

208.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 208 of the Complaint.

209.    Hachette denies the allegations contained in paragraph 209 of the Complaint, except admits that it published the passage quoted therein, and states further that the quoted passage must be read and understood in the context of the entire Book.

210.    Hachette denies the allegations contained in paragraph 210 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

211.    Hachette denies the allegations contained in paragraph 211 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

212.    Hachette denies the allegations contained in paragraph 212 of the Complaint.

213.    Hachette denies the allegations contained in paragraph 213 of the Complaint.

214.    Hachette denies the allegations contained in paragraph 214 of the Complaint.

215.    Hachette denies the allegations contained in paragraph 215 of the Complaint.

216.    Hachette denies the allegations contained in paragraph 216 of the Complaint.

217.    Hachette denies the allegations contained in paragraph 217 of the Complaint, and refers to the passage quoted in paragraph 209 of the Complaint, which speaks for itself and must be read and understood in the context of the entire Book.

218.    Hachette denies the allegations contained in paragraph 218 of the Complaint.

219.    Hachette states that the passage quoted in paragraph 219 of the Complaint speaks for itself, and must be read and understood in the context of the entire Book.

220.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 220 of the Complaint.

221.    Hachette denies the allegations contained in paragraph 221 of the Complaint.

222.    Hachette denies the allegations contained in paragraph 222 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that Jackie Hatten has never been inside the house in which Stern, Ms. Smith and Daniel Smith moved into in 2002.

223.    Hachette denies the allegations contained in paragraph 223 of the Complaint.

224.    Hachette denies the allegations contained in paragraph 224 of the Complaint, except admits that it published the passage quoted therein, and states further that the quoted passage must be read and understood in the context of the entire Book.

225.    Hachette denies the allegations contained in paragraph 225 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

226.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 226 of the Complaint.

227.    Hachette denies the allegations contained in paragraph 227 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

228.    Hachette denies the allegations contained in paragraph 228 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

229.    Hachette denies the allegations contained in paragraph 229 of the Complaint.

230.    Hachette denies the allegations contained in paragraph 230 of the Complaint.

231.    Hachette denies the allegations contained in paragraph 231 of the Complaint.

232.    Hachette denies the allegations contained in paragraph 232 of the Complaint.

233.    Hachette denies the allegations contained in paragraph 233 of the Complaint, and refers to the passage quoted in paragraph 224 of the Complaint, which speaks for itself and must be read and understood in the context of the entire Book.

234.    Hachette denies the allegations contained in paragraph 234 of the Complaint.

235.    Hachette denies the allegations contained in paragraph 235 of the Complaint.

236.    Hachette admits the allegations contained in paragraph 236 of the Complaint.

237.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 237 of the Complaint.

238.    Hachette denies the allegations contained in paragraph 238 of the Complaint, except admits that there is a legal dispute regarding ownership of Horizons in which Shelley and Ben Thompson are involved.

239.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 239 of the Complaint.

240.    Hachette denies the allegations contained in paragraph 240 of the Complaint, except admits that Ford Shelley has stated that he retrieved items from Horizons.

241.    Hachette denies the allegations contained in paragraph 241 of the Complaint.

242.    Hachette denies the allegations contained in paragraph 242 of the Complaint, except admits that it published the passage quoted therein, and states further that the quoted passage must be read and understood in the context of the entire Book.

243.    Hachette denies the allegations contained in paragraph 243 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

244.    Hachette denies the allegations contained in paragraph 244 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the statement that Ms. Smith did not have online access to her bank accounts.

245.    Hachette denies the allegations contained in paragraph 245 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

246.    Hachette denies the allegations contained in paragraph 246 of the Complaint.

247.    Hachette denies the allegations contained in paragraph 247 of the Complaint.

248.    Hachette denies the allegations contained in paragraph 248 of the Complaint.

249.    Hachette denies the allegations contained in paragraph 249 of the Complaint.

250.    Hachette denies the allegations contained in paragraph 250 of the Complaint.

251.    Hachette denies the allegations contained in paragraph 251 of the Complaint, except admits that Hachette did not speak to Stern's parents.

252.    Hachette denies the allegations contained in paragraph 252 of the Complaint, and refers to the passage quoted in paragraph 242 of the Complaint, which speaks for itself and must be read and understood in the context of the entire Book.

253.    Hachette denies the allegations contained in paragraph 253 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that Larry Birkhead has publicly stated that he never made the statements attributed to him to the effect that Stern engaged in theft, money laundering or wire fraud.

254.    Hachette denies the allegations contained in paragraph 254 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that Birkhead has stated that Defendants did not contact him prior to publishing Blonde Ambition to ascertain whether the statements attributed to him were accurate.

255.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 255 of the Complaint.

256.    Hachette denies the allegations contained in paragraph 256 of the Complaint.

257.    Hachette denies the allegations contained in paragraph 257 of the Complaint.

258.    Hachette denies the allegations contained in paragraph 258 of the Complaint.

259.    Hachette denies the allegations contained in paragraph 259 of the Complaint, except admits that Birkhead was engaged in paternity litigation with respect to Dannielynn and sought custody of her.

260.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 260 of the Complaint, except admits that Opri represented Birkhead.

261.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 261 of the Complaint, and states that Speer was working in security detail for Birkhead.

262.    Hachette denies the allegations contained in paragraph 262 of the Complaint, except admits that Opri no longer represents Birkhead and that prior to the publication of the Book, Opri and Birkhead engaged in civil litigation against one another.

263.    Hachette denies the allegations contained in paragraph 263 of the Complaint, except admits that Birkhead was represented in his paternity action by Debra Opri, and that Cosby referred Birkhead to Opri.

264.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 264 of the Complaint.

265.    Hachette denies the allegations contained in paragraph 265 of the Complaint.

266.    Hachette denies the allegations contained in paragraph 266 of the Complaint.

267.    Hachette denies the allegations contained in paragraph 267 of the Complaint.

268.    Hachette denies the allegations contained in paragraph 268 of the Complaint, and refers to the passage quoted in paragraph 242 of the Complaint, which speaks for itself and must be read and understood in the context of the entire Book.

269.    Hachette denies the allegations contained in paragraph 269 of the Complaint.

270.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 270 of the Complaint.

271.    Hachette denies the allegations contained in paragraph 271 of the Complaint.

272.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 272 of the Complaint, except admits that Moe Brighthaupt is Tas Brighthaupt's husband and was a bodyguard for Ms. Smith, and that Mr. Brighthaupt has made public statements.

273.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 273 of the Complaint.

274.    Hachette denies the allegations contained in paragraph 274 of the Complaint, except admits that it published the passage quoted therein, and states further that the quoted passage must be read and understood in the context of the entire Book.

275.    Hachette denies the allegations contained in paragraph 275 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

276.    Hachette denies the allegations contained in paragraph 276 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

277.    Hachette denies the allegations contained in paragraph 277 of the Complaint.

278.    Hachette denies the allegations contained in paragraph 278 of the Complaint.

279.    Hachette denies the allegations contained in paragraph 279 of the Complaint.

280.    Hachette denies the allegations contained in paragraph 280 of the Complaint.

281.    Hachette denies the allegations contained in paragraph 281 of the Complaint.

282.    Hachette denies the allegations contained in paragraph 282 of the Complaint.

283.    Hachette denies the allegations contained in paragraph 283 of the Complaint, except admits that it published the passage quoted therein, and states further that the quoted passage must be read and understood in the context of the entire Book.

284.    Hachette denies the allegations contained in paragraph 284 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

285.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 285 of the Complaint, except admits that Stern was named as executor to Ms. Smith's estate.

286.    Hachette denies the allegations contained in paragraph 286 of the Complaint.

287.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 287 of the Complaint, except admits that it was determined that Birkhead was Dannielynn's biological father, and that Stern subsequently withdrew his claims for custody of Dannielynn.

288.    Hachette denies the allegations contained in paragraph 288 of the Complaint.

289.    Hachette denies the allegations contained in paragraph 299 of the Complaint.

290.    Hachette denies the allegations contained in paragraph 290 of the Complaint.

291.    Hachette denies the allegations contained in paragraph 291 of the Complaint.

292.    Hachette denies the allegations contained in paragraph 292 of the Complaint, except admits that Hachette did not speak to Birkhead about the passage quoted in paragraph 283 of the Complaint.

293.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 293 of the Complaint, except admits that in response to *Blonde Ambition*, Birkhead publicly denied that he entered into any deal with Stern to trade Dannielynn for permitting Stern to remain as executor of Ms. Smith's estate.

294.    Hachette denies the allegations contained in paragraph 294 of the Complaint, and refers to the passage quoted in paragraph 283 of the Complaint, which speaks for itself and must be read and understood in the context of the entire Book.

295.    Hachette denies the allegations contained in paragraph 295 of the Complaint.

296.    Hachette denies the allegations contained in paragraph 296 of the Complaint, except admits that Grand Central Publishing, a division of Hachette, published the passage quoted therein, and states further that the quoted passage must be read and understood in the context of the entire Book.

297.    Hachette denies the allegations contained in paragraph 297 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

298.    Hachette denies the allegations contained in paragraph 298 of the Complaint.

299.    Hachette denies the allegations contained in paragraph 299 of the Complaint.

300.    Hachette denies the allegations contained in paragraph 300 of the Complaint.

301.    Hachette denies the allegations contained in paragraph 301 of the Complaint, except admits that Hachette did not speak to Birkhead about the passage quoted in paragraph 296 of the Complaint.

302.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 302 of the Complaint, except admits that in

response to *Blonde Ambition*, Birkhead publicly denied that he entered into any deal with Stern to trade Dannielynn for permitting Stern to remain as executor of Ms. Smith's estate.

303.    Hachette denies the allegations contained in paragraph 303 of the Complaint, and refers to the passage quoted in paragraph 296 of the Complaint, which speaks for itself and must be read and understood in the context of the entire Book.

304.    Hachette denies the allegations contained in paragraph 304 of the Complaint.

305.    Hachette denies the allegations contained in paragraph 305 of the Complaint, except admits that Arthur engaged in a legal battle over custody of Ms. Smith's body, and denies knowledge or information sufficient to form a belief as to the truth of the allegation that Arthur continues to be involved in custody litigation against Birkhead.

306.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 306 of the Complaint.

307.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 307 of the Complaint.

308.    Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 308 of the Complaint, except admits that O'Quinn has been sued by Stern for allegedly slanderous statements.

309.    Hachette denies the allegations contained in paragraph 309 of the Complaint.

310.    Hachette denies the allegations contained in paragraph 310 of the Complaint, except admits that it published the passage quoted therein, and states further that the quoted passage must be read and understood in the context of the entire Book.

311.    Hachette denies the allegations contained in paragraph 311 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

312.    Hachette denies the allegations contained in paragraph 312 of the Complaint.

313.    Hachette denies the allegations contained in paragraph 313 of the Complaint.

314.    Hachette denies the allegations contained in paragraph 314 of the Complaint.

315.    Hachette denies the allegations contained in paragraph 315 of the Complaint, and refers to the passage quoted in paragraph 310 of the Complaint, which speaks for itself and must be read and understood in the context of the entire Book.

316.    Hachette denies the allegations contained in paragraph 316 of the Complaint.

317.    Hachette denies the allegations contained in paragraph 317 of the Complaint, except admits that it published the passage quoted therein, and states further that the quoted passage must be read and understood in the context of the entire Book.

318.    Hachette denies the allegations contained in paragraph 318 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

319.    Hachette denies the allegations contained in paragraph 319 of the Complaint.

320.    Hachette denies the allegations contained in paragraph 320 of the Complaint.

321.    Hachette denies the allegations contained in paragraph 321 of the Complaint.

322.    Hachette denies the allegations contained in paragraph 322 of the Complaint.

323.    Hachette denies the allegations contained in paragraph 323 of the Complaint

324.    Hachette denies the allegations contained in paragraph 324 of the Complaint.

325.    Hachette denies the allegations contained in paragraph 325 of the Complaint.

326.    Hachette denies the allegations contained in paragraph 326 of the Complaint, and refers to the passage quoted in paragraph 317 of the Complaint, which speaks for itself and must be read and understood in the context of the entire Book.

327.    Hachette denies the allegations contained in paragraph 327 of the Complaint.

328.    Hachette denies the allegations contained in paragraph 328 of the Complaint, except admits that it published the passage quoted therein, and states further that the quoted passage must be read and understood in the context of the entire Book.

329.    Hachette denies the allegations contained in paragraph 329 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

330.    Hachette denies the allegations contained in paragraph 330 of the Complaint.

331.    Hachette denies the allegations contained in paragraph 331 of the Complaint.

332.    Hachette denies the allegations contained in paragraph 332 of the Complaint.

333.    Hachette denies the allegations contained in paragraph 333 of the Complaint.

334.    Hachette denies the allegations contained in paragraph 334 of the Complaint

335.    Hachette denies the allegations contained in paragraph 335 of the Complaint.

336.    Hachette denies the allegations contained in paragraph 336 of the Complaint.

337.    Hachette denies the allegations contained in paragraph 337 of the Complaint, and refers to the passage quoted in paragraph 328 of the Complaint, which speaks for itself and must be read and understood in the context of the entire Book.

338.    Hachette denies the allegations contained in paragraph 338 of the Complaint.

339.   Hachette denies the allegations contained in paragraph 339 of the Complaint, except admits that it published the passage quoted therein, and states further that the quoted passage must be read and understood in the context of the entire Book.

340.   Hachette denies the allegations contained in paragraph 340 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

341.   Hachette denies the allegations contained in paragraph 341 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

342.   Hachette denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 342 of the Complaint.

343.   Hachette denies the allegations contained in paragraph 343 of the Complaint.

344.   Hachette denies the allegations contained in paragraph 344 of the Complaint.

345.   Hachette denies the allegations contained in paragraph 345 of the Complaint.

346.   Hachette denies the allegations contained in paragraph 346 of the Complaint.

347.   Hachette denies the allegations contained in paragraph 347 of the Complaint.

348.   Hachette denies the allegations contained in paragraph 348 of the Complaint.

349.   Hachette denies the allegations contained in paragraph 349 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that Barth had her fax log in her hand at the time she made the statement quoted in paragraph 339 of the Complaint, and admits that Cosby was present in the courtroom for part of that day.

350.   Hachette denies the allegations contained in paragraph 350 of the Complaint.

351.    Hachette denies the allegations contained in paragraph 351 of the Complaint, except admits that it published the passage quoted therein, and states further that the quoted passage must be read and understood in the context of the entire Book.

352.    Hachette denies the allegations contained in paragraph 352 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

353.    Hachette denies the allegations contained in paragraph 353 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

354.    Hachette denies the allegations contained in paragraph 354 of the Complaint.

355.    Hachette denies the allegations contained in paragraph 355 of the Complaint.

356.    Hachette denies the allegations contained in paragraph 356 of the Complaint.

357.    Hachette denies the allegations contained in paragraph 357 of the Complaint.

358.    Hachette denies the allegations contained in paragraph 358 of the Complaint, and refers to the passage quoted in paragraph 351 of the Complaint, which speaks for itself and must be read and understood in the context of the entire Book.

359.    Hachette denies the allegations contained in paragraph 359 of the Complaint.

360.    Hachette denies the allegations contained in paragraph 360 of the Complaint, and refers to the passage quoted in paragraph 351 of the Complaint, which speaks for itself and must be read and understood in the context of the entire Book.

361.    Hachette denies the allegations contained in paragraph 361 of the Complaint.

362.    Hachette denies the allegations contained in paragraph 362 of the Complaint, and refers to the passage quoted in paragraph 351 of the Complaint, which speaks for itself and must be read and understood in the context of the entire Book.

363.    Hachette denies the allegations contained in paragraph 363 of the Complaint.

364.    Hachette denies the allegations contained in paragraph 364 of the Complaint, except admits that it published the passage quoted therein, and states further that the quoted passage must be read and understood in the context of the entire Book.

365.    Hachette denies the allegations contained in paragraph 365 of the Complaint, and states that based on information known at the time of publication, Hachette had no serious doubts concerning the accuracy of the information published in *Blonde Ambition*.

366.    Hachette denies the allegations contained in paragraph 366 of the Complaint.

367.    Hachette denies the allegations contained in paragraph 367 of the Complaint.

368.    Hachette denies the allegations contained in paragraph 368 of the Complaint.

369.    Hachette denies the allegations contained in paragraph 369 of the Complaint.

370.    Hachette denies the allegations contained in paragraph 370 of the Complaint.

371.    Hachette admits the allegations contained in paragraph 371 of the Complaint.

372.    Hachette admits that Grand Central Publishing, a division of Hachette, is the publisher of Blonde Ambition.

373.    Hachette denies the allegations contained in paragraph 373 of the Complaint.

374.    Hachette denies the allegations contained in paragraph 374 of the Complaint.

375.    Hachette denies the allegations contained in paragraph 375 of the Complaint.

376.    Hachette denies the allegations contained in paragraph 376 of the Complaint.

377.    Hachette denies the allegations contained in paragraph 377 of the Complaint.

378.    Hachette denies the allegations contained in paragraph 378 of the Complaint.

379.    Hachette denies the allegations contained in paragraph 379 of the Complaint.

380.    Hachette denies the allegations contained in paragraph 380 of the Complaint.

381.    Hachette denies the allegations contained in paragraph 381 of the Complaint.

382.    Hachette denies the allegations contained in paragraph 382 of the Complaint.

383.    Hachette denies the allegations contained in paragraph 383 of the Complaint.

384.    Hachette denies the allegations contained in paragraph 384 of the Complaint.

385.    Hachette denies the allegations contained in paragraph 385 of the Complaint.

386.    Hachette denies the allegations contained in paragraph 386 of the Complaint.

387.    Hachette denies the allegations contained in paragraph 387 of the Complaint.

388.    Hachette denies the allegations contained in paragraph 388 of the Complaint.

389.    Hachette denies the allegations contained in paragraph 389 of the Complaint.

390.    Hachette denies the allegations contained in paragraph 390 of the Complaint.

391.    Hachette denies the allegations contained in paragraph 391 of the Complaint.

392.    Hachette denies the allegations contained in paragraph 392 of the Complaint.

393.    Hachette denies the allegations contained in paragraph 393 of the Complaint.

394.    Hachette denies the allegations contained in paragraph 394 of the Complaint.

395.    Hachette denies the allegations contained in paragraph 395 of the Complaint.

396.    Hachette denies the allegations contained in paragraph 396 of the Complaint.

397.    Hachette states that the letters attached as Exhibits A-C to the Complaint speak for themselves. To the extent that such letters are inconsistent with the allegations contained in paragraph 397, Hachette denies the allegations. Hachette admits that *Blonde Ambition* remains available for sale.

* * *

398.    Each and every allegation contained in the Complaint not specifically admitted herein is denied.

399.    To the extent that the defined terms contained in the Complaint constitute allegations, such allegations are denied.

400.    To the extent that the headings contained in the Complaint constitute allegations, such allegations are denied.

* * *

401.    With respect to the Wherefore clause, Hachette denies that Stern is entitled to any relief, including a judgment against Defendants, costs, or other relief.

### AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, Rita Cosby is not in any way acknowledging or conceding that she has the burden of proof for any issue as to which applicable law places the burden on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

1.    Plaintiff's Complaint fails to state a cause of action, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.    Plaintiff's claims are barred, in whole or in part, by the libel-proof plaintiff doctrine.

### THIRD AFFIRMATIVE DEFENSE

3.    Any allegedly defamatory statement or implication in Blonde Ambition did not incrementally harm plaintiff's repuation beyond the harm caused by the unchallenged remainder

of Blonde Ambition.

## FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

5.     The statements complained of in the Complaint are not actionable assertions of fact capable of being proven true or false, and thus cannot give rise to any claim against Cosby.

## SIXTH AFFIRMATIVE DEFENSE

6.     The statements complained of in the Complaint are not defamatory, are not reasonably capable of defamatory meaning or susceptible to a defamatory interpretation, and did not defame the plaintiff, and thus cannot give rise to any claim against Cosby.

## SEVENTH AFFIRMATIVE DEFENSE

7.     The statements complained of in the Complaint are not actionable because they are substantially true, and thus they cannot give rise to any claim against Cosby.

## EIGHTH AFFIRMATIVE DEFENSE

8.     The statements complained of in the Complaint are not actionable to the extent they contain expressions of opinion or rhetorical hyperbole, which are privileged under the First Amendment to the United States Constitution, as well as applicable state constitutional provisions.

## NINTH AFFIRMATIVE DEFENSE

9.     The relief sought in the Complaint is barred by the First and Fourteenth Amendments to the Constitution of the United States.

## TENTH AFFIRMATIVE DEFENSE

10.     The relief sought in the Complaint is barred by Article I, Section 8, of the

Constitution of the State of New York.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    The relief sought in the Complaint is barred by the Constitution of the State of California.

## TWELFTH AFFIRMATIVE DEFENSE

12.    The statements complained of in the Complaint are privileged under the common law.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    The statements complained of in the Complaint are privileged, in whole or in part, under the First Amendment to the United States Constitution as reports of official government proceedings and/or records.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    The statements complained of in the Complaint are protected, in whole or in part, by the doctrine of neutral reportage, and therefore cannot provide a basis for any recovery by plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    The allegedly defamatory statements and purported implications complained of by plaintiff are protected by the doctrine of fair comment, and therefore cannot provide a basis for any recovery by plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    The statements complained of concern a public figure and were published without the applicable degree of fault, including without negligence, gross irresponsibility, actual malice or fault of any kind.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiff's claims fail because the allegedly false statements and defamatory implications were not published with knowledge of their falsity or with reckless disregard for their truth or falsity.

## EIGHTTEENTH AFFIRMATIVE DEFENSE

18.    To the extent that Plaintiff challenges any statements as purported implications, Plaintiffs claims fail because he has not asserted facts sufficient to show that the implication was intended or endorsed.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    Plaintiff's claims fail because any injury or damages suffered by Plaintiff, which injury or damages Cosby expressly denies, were proximately or directly caused, in whole or in part, by the actions of Plaintiff, or by the actions of others over whom Cosby had no control.

## TWENTIETH AFFIRMATIVE DEFENSE

20.    Plaintiff's claims fail because he failed to mitigate any injury or damages, which injury or damages Cosby expressly denies.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Plaintiff's claims fail because he has failed to allege facts sufficient to warrant the imposition of punitive damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    Plaintiff's claim for punitive damages is barred by the Constitution of the United States, the Constitution of the State of New York, the Constitution of the State of California, and the common law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Plaintiff's claims are barred, in whole or in part, by New York Civil Rights Law 74.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Plaintiff's claims are barred, in whole or in part, by California Civil Code 47.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    Cosby reserves the right to amend her Answer and Affirmative Defenses to assert such additional defenses as may later become available or apparent to her.  Nothing stated herein constitutes a concession that Cosby bears any burden of proof on any issue on which she would not otherwise bear such burden.


WHEREFORE, Defendant Hachette respectfully seeks an Order of this Court as follows:

1.    Dismissing the Complaint in its entirety and with prejudice;

2.    Awarding Hachette its costs and disbursements incurred in defending this action, and its fees; and

3.    Granting such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        November 13, 2007

                                Respectfully submitted,

                    By:    _____/s/ Douglass Maynard
                           AKIN GUMP STRAUSS HAUER & FELD LLP
                           Douglass B. Maynard
                           Deborah J. Newman
                           590 Madison Avenue
                           New York, NY  10022
                           (212) 872-1000

                           *Attorneys for Hachette Book Group USA, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 13, 2007 a copy of the foregoing Answer and Affirmative Defenses of defendant Hachette Book Group USA, Inc. to Plaintiff Howard K. Stern's Complaint for Libel was served on the following by electronic mail and overnight courier, postage prepaid:

> L. Lin Wood
> POWELL GOLDSTEIN LLP
> One Atlantic Center
> Fourteenth Floor
> 1201 West Peachtree Street, N.W.
> Atlanta, Georgia 30309

> William J. Gilberti, Jr.
> GILBERTI STINZIANO HEINTZ & SMITH, P.C.
> 555 East Genesee Street
> Syracuse, New York 13202

and on the following by electronic mail:

> Elizabeth A. McNamara
> DAVIS WRIGHT TREMAINE LLP
> 1633 Broadway
> New York, New York 10019

_____

Deborah J. Newman, Esq.