UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

HOWARD K. STERN,                           :

                    Plaintiff,    :    **MEMORANDUM DECISION**

          - against -            :    07 Civ. 8536 (DC)

RITA COSBY and HACHETTE BOOK GROUP :
USA, INC. d/b/a Grand Central
Publishing, and JOHN or JANE DOE,  :

                    Defendants.   :

- - - - - - - - - - - - - - - - - -x


**APPEARANCES:**          (See last page)

**CHIN, D.J.**

          On November 6, 2007, I issued a Memorandum Decision
granting plaintiff Howard K. Stern's application for expedited
discovery on the issue of whether defendant Rita Cosby attempted
to interfere with potential witnesses.  See Stern v. Cosby, No.
07 Civ. 8536 (DC), 2007 WL 3261522 (S.D.N.Y. Nov. 6, 2007).
Stern thereafter served a notice of deposition on Cosby for her
deposition.  Although a copy of the notice has not been submitted
to the Court, the notice apparently advised Cosby that the
deposition would be both transcribed and videotaped.

          By letter to the Court dated November 15, 2007, Cosby
requested a protective order prohibiting the public disclosure of
the transcript and video of her deposition before they become a
"judicial record."  By letter to the Court dated November 16,
2007, Stern opposed the application.  Although Stern's attorney,

L. Lin Wood, Esq., represents that he has no intention of releasing the video or transcript to the media, Stern argues that good cause does not exist to bar the public dissemination of the video or transcript and that the public has a right of access to the courts and judicial documents.  Nonetheless, Mr. Wood apparently agreed not to release the video or transcript to the media pending the Court's decision on Cosby's application.[1]

Cosby's deposition began on November 15, 2007, but it has not yet been completed.  The transcript is already some 400 pages long.

On December 7, 2007, I conducted a conference to address Cosby's request for a protective order, with Mr. Wood participating by telephone and the other attorneys attending in person.  At the conclusion of the conference, I reserved decision.

I have now considered the matter.  For the reasons set forth below, Cosby's application is granted and I will enter a protective order prohibiting -- for now -- public disclosure of the video and transcript of Cosby's deposition.

---

[1]    In a letter to Cosby's counsel dated November 8, 2007, Mr. Wood wrote:  "[M]y email to you was very clear.  I stated that while I had no present intention of releasing the videotape to the public, if Defendant Cosby moved for a protective order prohibiting its release, I would voluntarily agree not to release the video until Judge Chin ruled on such motion.  I did not make a blanket pledge to not 'otherwise disclose her testimony' until Judge Chin rules on Defendant's motion, if filed.  However, I have no problem agreeing that I will not release the written stenographic transcript of the deposition until Judge Chin rules on Defendant's motion, if filed."

**DISCUSSION**

A.    **Applicable Law**

    1.    **The Applicable Federal Rules**

       The Federal Rules of Civil Procedure were recently amended, effective December 1, 2007, "to make them more easily understood."  Fed. R. Civ. P. 30 advisory committee's note to 2007 Amendments.  Rule 30, which governs depositions, was amended and certain of its subparts were re-numbered.  Rule 30(b)(3)(A) now provides that "[u]nless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means."[2]  Accordingly, unless the court orders otherwise, a party may videotape a deposition as a matter of right, as long as notice is given of the party's intention to do so.

       Rule 26(c), which governs protective orders, was also amended.  It now reads that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[3]  The rule provides that the court may, for example, preclude discovery or limit the scope or manner of discovery or order that a deposition be sealed, to be opened only upon further order of the court.  Fed. R. Civ. P. 26(c)(1)(A), (B), (C), (D), (F).

---

    [2]    Former Rule 30(b)(2) provided that "[u]nless the court orders otherwise, [a deposition] may be recorded by sound, sound-and-visual, or other stenographic means."

    [3]    Former Rule 26(c) provided that a court could "make any order which justice requires."

2.    **The Public's Right of Access to Court Documents**

The courts have long recognized a "common law right of
public access to judicial documents." Lugosch v. Pyramid Co. of
Onondaga, 435 F.3d 110, 119 (2d Cir. 2006).  The Second Circuit
has set forth a three-part analysis for determining whether
documents relating to a lawsuit must be made available to the
public.  Lugosch, 435 F.3d at 119-20; United States v. Amodeo, 71
F.3d 1044, 1048-52 (2d Cir. 1995) ("Amodeo II"); see also
Centauri Shipping Ltd. v. W. Bulk Carriers KS, No. 07 Civ. 4761
(RJS), 2007 WL 3378254, at *6 (S.D.N.Y. Nov. 5, 2007).

First, the court must determine whether the documents
are indeed "judicial documents," to which the public has a
presumptive right of access.  Lugosch, 435 F.3d at 119; Amodeo
II, 71 F.3d at 1047; United States v. Amodeo, 44 F.3d 141, 145-46
(2d Cir. 1995) ("Amodeo I").  Second, if the documents are
judicial documents, the court must determine "the weight of the
presumption," Lugosch, 435 F.3d at 119, that is, whether the
presumption is an "especially strong" one that can be overcome
only by "extraordinary circumstances" or whether the presumption
is a "low" one that "amounts to little more than a prediction of
public access absent a countervailing reason" or whether the
presumption is somewhere in between.  Amodeo II, 71 F.3d at 1048,
1050 (internal quotations and citations omitted).  Third, "[o]nce
the weight of the presumption is determined, a court must balance
competing considerations against it."  Id. at 1050.
Countervailing factors include, among others, the danger of

- 4 -

impairing judicial efficiency and the privacy interests of those

resisting disclosure.  <u>Lugosch</u>, 435 F.3d at 120; <u>Amodeo II</u>, 71

F.3d at 1050.

Not every document generated in a lawsuit is a

"judicial document."  As the Second Circuit explained in <u>Amodeo</u>

<u>I</u>:

> We think that the mere filing of a paper
> or document with the court is insufficient to
> render that paper a judicial document subject
> to the right of public access.  We think that
> the item filed must be relevant to the
> performance of the judicial function and
> useful in the judicial process in order for
> it to be designated a judicial document.

44 F.3d at 145.  In <u>Amodeo II</u>, the Court elaborated:

> [A]n abundance of statements and documents
> generated in federal litigation actually have
> little or no bearing on the exercise of
> Article III judicial power. . . . [T]he
> temptation to leave no stone unturned in the
> search for evidence material to a judicial
> proceeding turns up a vast amount of not only
> irrelevant but also unreliable material.
>
> Unlimited access to every item turned up
> in the course of litigation would be
> unthinkable. . . .

71 F.3d at 1048.  The Court specifically observed that

"[d]ocuments that play no role in the performance of Article III

functions, <u>such as those passed between the parties in discovery</u>,

lie entirely beyond the presumption's reach."  <u>Id.</u> at 1050

(emphasis added); <u>accord</u> <u>SEC v. TheStreet.com</u>, 273 F.3d 222, 233

(2d Cir. 2001) (holding that transcripts of deposition testimony

were not "judicial documents" that carried presumption of public

access).

There is little case law on the specific issue of whether a transcript or videotape of a deposition should be sealed in the discovery phase of a lawsuit.[4]  Stern relies heavily on <u>Condit v. Dunne</u>, 225 F.R.D. 113 (S.D.N.Y. 2004), a defamation case brought by Gary Condit, the former Congressman, against Dominick Dunne, an author and commentator, who publicly spoke about Condit's possible involvement in the disappearance and murder of a young woman.

Judge Leisure denied Dunne's application for a protective order prohibiting Condit and his attorney -- L. Lin Wood, Esq., who also represents Stern in this case -- from publicly disseminating the videotape of Dunne's deposition. Judge Leisure applied <u>Amodeo II</u> and held that although the videotaped deposition was not a judicial record giving rise to a common law presumption of public access, the case was one of "public concern" involving a "then-sitting United States Congressman in the discharge of his duties."  225 F.R.D. at 118-20.  Judge Leisure concluded that because Dunne had publicly accused Mr. Wood of bullying him during the deposition and questions had been raised as to Dunne's credibility, "public scrutiny" was warranted.  <u>Id.</u> at 119.  Judge Leisure held that Dunne had failed to allege "sufficient good cause to justify a bar on public dissemination of his videotaped deposition."  <u>Id.</u>

---

[4]    Once a video deposition is shown in open court at trial, however, it becomes a matter of public record and is to be made accessible to the public, except in the "most extraordinary circumstances."  <u>In re CBS, Inc.</u>, 828 F.2d 958, 959 (2d Cir. 1987) (quoting <u>In re NBC, Inc.</u>, 635 F.2d 945, 952 (2d Cir. 1980).

at 120.  Compare Paisley Park Enters., Inc. v. Uptown Prods., 54
F. Supp. 2d 347 (S.D.N.Y. 1999) (permitting defendants to
videotape deposition of plaintiff, a rock artist, but allowing
only one tape to be made, and requiring that it be safeguarded).

## B.    Application

        I apply the Second Circuit's three-part analysis to the
instant case.

        First, the transcript and videotape of Cosby's
deposition are not, at this point, "judicial documents" entitled
to a presumption of public access.  To the contrary, at the
moment they are merely materials generated in discovery.  They
are not relevant to my "performance" of a "judicial function,"
Amodeo I, 44 F.3d at 145, and they have "little or no bearing" on
my exercise of Article III judicial power, Amodeo II, 71 F.3d at
1048.  Even in Condit, Judge Leisure held that the videotape of
Dunne's deposition was not a judicial document.  It may be that
the transcript of Cosby's deposition will be brought to my
attention on a motion to compel, when I will be called upon to
exercise my judicial authority to resolve the discovery dispute.
Even then, however, I would not need to see the videotape, as my
usual practice in considering such a dispute is to rely only on
the transcripts.  If and when the deposition is presented at
trial, it may acquire a different status.

        Second, the presumption of public access -- if any --
that attaches to the transcript and videotape is low, at best.
No such presumption attaches at all to the videotape, and even if

the transcript is filed for purposes of a motion to compel, the presumption that would attach to the transcript would be low.  On any such motion, I would not be making any decision on the merits, but I would simply be reviewing excerpts of the transcripts to resolve a discovery dispute.

Third, I conclude that countervailing interests outweigh the public's right to the videotape and transcript, at least at this point.  Two countervailing interests are implicated:  there is a danger that judicial efficiency would be impaired by the premature release of the videotape and transcript, and Cosby has a strong privacy interest in resisting disclosure.

The allegations being explored at Cosby's deposition have already drawn attention from certain sectors of the media -- described by Cosby's counsel as the "exploitive media."  Indeed, certain individuals seem to have their own agendas.  For example, Lincoln Bain -- a participant in one of the taped conversations at issue -- has his own website, www.mrcontroversy.com, which asks "Should Rita Cosby be arrested for witness tampering?  Vote in our poll and click this link to leave a comment."[5]  This website and others as well as cable television shows have relied heavily on video and audio tapes, and release of the video and transcript of Cosby's deposition will only add to what Cosby's counsel correctly describes as a "circus-like atmosphere."

_____

[5]    See http://www.mrcontroversy.com/ (last visited Dec. 12, 2007).

- 8 -

Asking visitors to a website to "vote" on whether Rita Cosby should be arrested for witness tampering adds nothing to civil public discourse.

In addition, notwithstanding Stern's counsel's apparent agreement not to release the video and transcript pending my decision on the instant application, the transcript already has been leaked, as purported excerpts of the deposition transcript have already found their way onto the Internet, at another website, www.artharris.com.[6]  The availability of the videotape would only add to the frenzy, for videos can more easily be abused as they "can be cut and spliced and used as 'sound-bites' on the evening news or sports shows," Felling v. Knight, No. 01-0571, 2001 U.S. Dist. LEXIS 22827, at *9 (S.D. Ind. Dec. 21, 2001), or, even worse, on "celebrity gossip" talk shows.

Judicial efficiency has already been impaired. Although the case is barely two months old, this is already the second discovery motion I have had to decide.  The parties, counsel, and the Court have had to spend time and resources dealing with issues generated by the media's disproportionate attention to this case.  I am concerned that release of the video and transcript would create additional impediments to the fair

---

[6]    See http://www.artharris.com/2007/12/03/bald-truth-exclusive-gay-sex-tape-sources-rita-cosby-swears-its-don-clark-and-wilma-pi/#more-620 (last visited Dec. 12, 2007).  In fact, this website has a PDF file of what purports to be seventeen pages from a "rough draft" of the deposition transcript.  See http://www.artharris.com/blog/wp-content/uploads/2007/12/bt-scoop-11-30-07-rita-depo-stern-vs-oquin.pdf (last visited Dec. 12, 2007).

and efficient administration of justice, without serving any legitimate purpose.  Videotaped depositions are permitted to facilitate the presentation of evidence to juries; they are not intended to provide "a vehicle for generating content for broadcast and other media."  Paisley Park, 54 F. Supp. 2d at 349.

I am also concerned that Cosby will be subjected to further "annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c), if the video and transcript are released.  Although Cosby has made some relatively innocuous public statements recently, she has not publicly challenged the conduct of opposing counsel in taking the deposition, as Dunne did in the Condit case.  She has not made any statements or taken any actions that would warrant release of the video or transcript for public scrutiny.

In short, the public's right of access to the video and transcript is minimal, and Cosby has shown good cause for the issuance of a protective order.

## CONCLUSION

Cosby's application for a protective order is granted; the parties and their attorneys and other agents are hereby prohibited from releasing the video or transcript of Cosby's deposition or any excerpts or portions or copies thereof to the

public absent further order of the Court.  Cosby's counsel shall
submit a proposed order on notice forthwith.

     SO ORDERED.

Dated:    New York, New York
         December 12, 2007

                           DENNY CHIN
                           United States District Judge

## **APPEARANCES**

For Plaintiff Howard K. Stern:

        POWELL GOLDSTEIN LLP
            By:  L. Lin Wood, Esq.
                  Nicole Jennings Wade, Esq.
                  John C. Patton, Esq.
                  Luke A. Lantta, Esq.
                  Katherine V. Hernacki, Esq.
        One Atlantic Center, 14th Floor
        1201 West Peachtree Street, N.W.
        Atlanta, Georgia  30309

                - and -

        GILBERTI STINZIANO HEINTZ & SMITH, P.C.
            By:  William J. Gilberti, Jr., Esq.
                  Lisa DiPoala Haber, Esq.
                  Belina Anderson, Esq.
        555 East Genesee Street
        Syracuse, New York  13202

For Defendant Rita Cosby:

        DAVIS WRIGHT TREMAINE LLP
            By:  Elizabeth A. McNamara, Esq.
                  Elisa L. Miller, Esq.
        1633 Broadway
        New York, New York  10019

For Defendant Hachette Book Group USA, Inc.:

        AKIN GUMP STRAUSS HAUER & FELD LLP
            By:  Douglass B. Maynard, Esq.
                  Deborah J. Newman, Esq.
        590 Madison Avenue
        New York, New York  10022