USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/13/07

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
HOWARD K. STERN,                    :

                 Plaintiff,         :    MEMORANDUM & ORDER

         - against -                :    07 Civ. 8536 (DC)

RITA COSBY and HACHETTE BOOK GROUP  :
USA, INC. d/b/a Grand Central
Publishing, and JOHN or JANE DOE,   :

                 Defendants.        :
- - - - - - - - - - - - - - - - - -x
```

**APPEARANCES:**   (See last page)

**CHIN, D.J.**

In my memorandum decision issued in this case yesterday, I wrote the following:

> [N]otwithstanding Stern's counsel's apparent agreement not to release the video and transcript pending my decision on the instant application, the transcript already has been leaked, as purported excerpts of the deposition transcript have already found their way onto the Internet, at another website, www.artharris.com.

The website in question is entitled "Art Harris -- The Bald Truth." Seventeen pages of a "rough draft" of the transcript of Cosby's deposition have been posted on the website.

Within minutes of the release of my decision, my law clerk received an e-mail from Stern's counsel, Mr. Wood, stating the following:

> Would you let Judge Chin know that the rough draft pages from Ms. Cosby's deposition that are referenced in his order were not leaked -- they were filed of record in federal court

> in Texas in connection with a deposition of a
> witness to show that she had provided Ms.
> Cosby with information. The pages that were
> filed related directly to that witness only.
> . . .
>
> The Order seems to suggest that I leaked the
> pages so I wanted to bring this information
> to the Court's attention immediately.

At my direction, my law clerk sent a reply e-mail to all counsel asking several questions, including: "How did Art Harris obtain copies?"

> Mr. Wood responded as follows:
>
> After the hearing was held on November 30 [in
> Texas on the emergency discovery motion], at
> the request of Mr. Harris for a copy of Mr.
> Stern's responsive pleadings to the emergency
> motion, I authorized my administrative
> assistant to provide him with a copy of the
> Response. She did so by email at 5:19 p.m.
> EST on November 30. At the time I agreed to
> send the Response to Mr. Harris, the Response
> had been filed of record and the hearing
> completed. Having been informed by Ms.
> McNamara that the pleadings were publicly
> available on Pacer, I viewed my agreement to
> send the Response to Mr. Harris as a courtesy
> -- certainly not "leaking" information to
> him. I know Mr. Harris from his days in
> Atlanta when he covered the Olympic Park
> Bombing for CNN as it related to my client,
> the late Richard Jewell.

Mr. Wood attached to his e-mail a copy of the "Response." Including exhibits, this is a 245-page document. Exhibit B consists of the seventeen pages of excerpts from Cosby's deposition transcript.

In view of all the circumstances, and in light of the representations made to the Court, I am troubled by Mr. Wood's providing of the deposition excerpts to Harris -- even assuming

the excerpts were a matter of public record.  Mr. Wood's assertion that he did not "leak" the documents to Harris is debatable, and at a minimum he is parsing his words too finely.  Even if he did not "leak" the documents, he released them to Harris.  Even if the documents were a matter of public record, they were part of a 245-page document filed in Texas in connection with an emergency discovery motion, for a lawsuit in Florida to which Cosby is not a party, and it is highly unlikely that Harris would have known of their existence or availability absent some communication with Mr. Wood or his office.  Clearly, Mr. Wood or someone in his office brought them to Harris's attention.

      Moreover, Mr. Wood provided the documents to Harris on November 30th, after the parties had written letter briefs addressing Cosby's request for a protective order, and after Mr. Wood had written in his November 8th letter to counsel that "I have no problem agreeing that I will not release the written stenographic transcript of the deposition until Judge Chin rules on Defendant's motion, if filed."  Although Cosby had not filed a formal motion, her counsel's letter dated November 15, 2007 clearly constituted a request for a protective order.

      In addition, in his letter to the Court dated November 16th, Mr. Wood complained that Cosby's counsel "seems to suggest that I somehow indicated that I intended to release the video or transcript of the deposition to the media.  I did not so state or otherwise indicate any intent to do so.  To the contrary, I made

it clear to Ms. McNamara that I had no intent to do so. . . ." In the same letter, Mr. Wood indignantly complained that Cosby's counsel

> states to this Court that "the release of Ms. Cosby's deposition (particularly the video) will contribute to, and exacerbate, a circus-like atmosphere in this case consistent with other cases Mr. Wood has brought." This comment by Ms. McNamara suggests that I have been responsible for creating a "circus-like" atmosphere in litigation I have filed for clients in the past. Ms. McNamara cites no authority or examples to support this unnecessary ad hominem attack on her opposing counsel because her accusation is false and unsupportable. . . . I am professionally offended that Ms. McNamara would use her letter requesting a discovery conference to falsely suggest to you in writing that I might seek to create a "circus-like atmosphere" in this litigation for Mr. Stern. Such statements by counsel have no proper place in this or any other action.

Despite this chest-beating, and notwithstanding his representation that he had "no intent" to "release" the video or transcript to the media, Mr. Wood released the seventeen pages to Harris on November 30th. Even though the papers were a matter of public record, Mr. Wood surely knew -- or should have known -- that there was a likelihood the excerpts would be posted on "The Bald Truth" website and that he would thereby be adding fuel to the media coverage of this case.

Finally, I conducted a conference on December 7th. Mr. Wood vigorously opposed the application for a protective order, even quoting from Justice Brandeis: "'[S]unlight is the most powerful of all disinfectants.'" New York Times v. Sullivan, 376 U.S. 254, 305 (1964) (Goldberg, J., concurring (quoting Freund,

The Supreme Court of the United States 61 (1949))). Mr. Wood again reiterated that he had no intent of releasing the deposition. He did not tell me, however, that he had already provided excerpts of the transcript to the operator of The Bald Truth website.

Under all the circumstances, my decision to issue a protective order stands. Indeed, Mr. Wood's actions provide further support for the issuance of the requested protective order.

It is hereby ORDERED that the parties may not disclose or release any further excerpts from the deposition transcript or video -- whether by attaching them to court papers or filing them in any court or otherwise -- without the written permission of this Court.

SO ORDERED.

Dated:   New York, New York
         December 13, 2007

DENNY CHIN
United States District Judge

**APPEARANCES**

For Plaintiff Howard K. Stern:

    POWELL GOLDSTEIN LLP
        By:  L. Lin Wood, Esq.
             Nicole Jennings Wade, Esq.
             John C. Patton, Esq.
             Luke A. Lantta, Esq.
             Katherine V. Hernacki, Esq.
    One Atlantic Center, 14th Floor
    1201 West Peachtree Street, N.W.
    Atlanta, Georgia  30309

        - and -

    GILBERTI STINZIANO HEINTZ & SMITH, P.C.
        By:  William J. Gilberti, Jr., Esq.
             Lisa DiPoala Haber, Esq.
             Belina Anderson, Esq.
    555 East Genesee Street
    Syracuse, New York  13202


For Defendant Rita Cosby:

    DAVIS WRIGHT TREMAINE LLP
        By:  Elizabeth A. McNamara, Esq.
             Elisa L. Miller, Esq.
    1633 Broadway
    New York, New York  10019


For Defendant Hachette Book Group USA, Inc.:

    AKIN GUMP STRAUSS HAUER & FELD LLP
        By:  Douglass B. Maynard, Esq.
             Deborah J. Newman, Esq.
    590 Madison Avenue
    New York, New York  10022