# MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

HOWARD K. STERN,

                             Plaintiff,      :     07 Civ. 8536 (DC)

                 -against-

RITA COSBY, HACHETTE BOOK GROUP USA,
d/b/a Grand Central Publishing, and JOHN or JANE:

                       Defendants.  :

------------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/08
```

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
## PURSUANT TO CHAPTER 66, THE EVIDENCE
## (PROCEEDINGS IN OTHER JURISDICTIONS) ACT (THE "EPOJA")
## AND THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD

1.     Sender:                                        Office of the Clerk
                                               United States District Court
                                             Southern District of New York
                                             Daniel Patrick Moynihan Courthouse
                                             500 Pearl Street
                                             New York, New York 10007

2.     Central Authority of the Requested     Attorney General
     State:                                     East Hill Street
                                             P.O. Box N-3007
                                           Nassau, The Bahamas

3.     Person to whom the executed request is   Hon. Denny Chin
     to be returned:                         United States District Judge
                                           United States District Court
                                           Southern District of New York
                                           Daniel Patrick Moynihan Courthouse
                                           500 Pearl Street
                                         New York, New York 10007

4.     In conformity with the EPOJA and Article 3 of the Convention, the undersigned applicant
     has the honor to submit the following request:

5.     a. Requesting judicial authority:        Hon. Denny Chin
                                           United States District Judge
                                           United States District Court
                                           Southern District of New York

|  |  | Daniel Patrick Moynihan Courthouse<br>500 Pearl Street<br>New York, New York 10007 |
|---|---|---|
|  | b. To the competent authority of: | The Commonwealth of The Bahamas |
| 6. | Names and addresses of the parties and their representatives: |  |
|  | a. Plaintiff: | Howard K. Stern |

Representatives:

L. Lin Wood
Powell Goldstein LLP
One Atlantic Center 14th Floor
1201 West Peachtree Street, NW
Atlanta, GA 30309

b. Defendant(s):

Rita Cosby
Hachette Book Group, USA, Inc.
John or Jane Doe

Representatives:

Elizabeth A. McNamara
Elisa L. Miller
Davis Wright Tremaine LLP
1633 Broadway
New York, New York 10019

Douglass Maynard
Deborah Newman
Akin Gump Strauss Hauer & Feld
590 Madison Avenue
New York, New York 10022

Ian R. Winder
E. Andrew Edwards
Davis & Co.
The British Colonial Hilton
Centre of Commerce
1 Bay Street, Suite 400
P.O. Box N-7940
Nassau, Bahamas

7.    Nature and purpose of the proceedings and summary of the facts:

This is a civil suit in which Plaintiff alleges that the Defendants defamed him in the book *Blonde Ambition: The Untold Story Behind Anna Nicole Smith's Death* (the "Book"). In particular, one of Plaintiff's allegations is that Ms. Quethlie Alexis and Ms. Nadine Alexie, domiciled in The

Bahamas and former nannies to Anna Nicole Smith, did not make certain statements about Plaintiff, (1) related to a sex tape featuring Plaintiff and Mr. Larry Birkhead, (2) related to Plaintiff's knowledge of and complicity in Ms. Smith's drug use; (3) related to Plaintiff's relationship with Ms. Smith, and (4) related to accusations made by Ms. Smith that Plaintiff was responsible for or involved in the death of her son, Daniel Smith (collectively, the "Issues in the Lawsuit"); or, if made, that the contentions are false. Ms. Alexis, along with Ms. Alexie, has been interviewed on the program "Controversy TV" and made public statements concerning these issues, and has also been interviewed by investigators for Ms. Virgie Arthur where she made certain statements concerning these issues.

Plaintiff also has alleged that, after the publication of the Book, defendant Cosby offered money to Ms. Alexis and Ms. Alexie, through Mr. Lincoln Bain and Ms. Elizabeth Thompson, both citizens of The Bahamas. Ms. Alexis and Ms. Alexie have stated that they authorized their representatives Mr. Bain and Ms. Thompson to secretly record conversations with Ms. Cosby, and engage in a "sting operation" to induce Ms. Cosby to travel to The Bahamas.

In their defense of this lawsuit, Defendants intend to show, among other things, that the statements in the book are substantially truthful, and that Defendants had no knowledge that the statements were false or serious doubts as to their accuracy. The testimony of Ms. Alexis related to the Issues in the Lawsuit, as well as accompanying documents, is necessary for the defense of this lawsuit. Defendants would be severely prejudiced in their defense of this action were they unable to access Ms. Alexis's testimony or documents. Moreover, the federal court in New York has expressed interest in the circumstances surrounding the secret recordings of conversations with Ms. Cosby, authorized by Ms. Alexis.

8.    Evidence to be obtained or other judicial act to be performed:

It is respectfully requested that a suitable counsel and attorney in good standing at The Bahamas Bar be appointed an examiner empowered to administer any necessary oaths and take testimony on the subjects listed in Section 10 of this Request for the purpose of obtaining admissible evidence for trial. Defendants Cosby and Hachette would be prejudiced at trial were such evidence not to be made available because Ms. Alexis is not within the subpoena power of the United States District Court for the Southern District of New York and cannot be compelled to appear and offer testimony at the trial of this action.

It is also respectfully requested that, in the interest of justice, you order the production of the documents requested in Section 11 of this Request, and deliver them with all possible speed to Mr. Ian Winder, an attorney with the law firm of Davis & Co. in the Commonwealth of The Bahamas, for onward transmission to counsel for Defendant Cosby in New York, New York.

9.    Name and address of persons to be examined:

Quethlie Alexis
c/o Elizabeth Thompson, Esq.
Elizabeth E.M. Thompson & Co.
8th Terrace East Centerville
Nassau, The Bahamas

10.   Questions to be put to the person to be examined or statement of the subject matter about which he is to be examined:

The subject matter about which the witness is to be examined is the following:

(1)    The current or past existence of a tape of a sexual act between Mr. Stern and Mr. Larry Birkhead, including statements by Ms. Alexis relating to having seen a tape of a sexual act between Mr. Birkhead and Mr. Stern;

(2)    The relationship between Mr. Stern and Ms. Anna Nicole Smith, including statements made by Ms. Alexis related to the relationship;

(3)    Anna Nicole Smith's use of prescription and/or illegal drugs, including statements made by Ms. Alexis related to Ms. Smith's drug use;

(4)    Plaintiff's knowledge of and complicity in securing prescription or illegal drugs for Ms. Smith's use and provision of such drugs to Ms. Smith, including statements made by Ms. Alexis related to these issues;

(5)    Statements by Ms. Smith that Mr. Stern was responsible for or involved in the death of Daniel Smith, including statements made by Ms. Alexis referencing Ms. Smith's accusation;

(6)    Plaintiff's signing documents on behalf of Ms. Smith or asking, convincing, or forcing Ms. Smith to sign documents while inebriated or otherwise incapacitated;

(7)    Communications between Ms. Alexis or anyone representing or acting on her behalf related to Ms. Cosby, the Book *Blonde Ambition*, Anna Nicole Smith, Howard K. Stern, Daniel Smith, or Dannielynn Hope Marshall Birkhead;

(8)    Communications between Ms. Alexis and Mr. Don Clark, Ms. Wilma Vicedomine, or any other party purporting to represent Ms. Virgie Arthur;

(9)    Communications between Ms. Alexis or anyone representing or acting on her behalf and Mr. Howard Stern, Lin Wood, Powell Goldstein LLP, Krista Barth, Eric Sauerberg, Wayne Munroe, or any individual purporting to represent or acting on behalf of Mr. Stern or the Estate of Anna Nicole Smith;

(10)    Any offers, requests, proposals or payments to or from Ms. Cosby, Mr. Don Clark, Ms. Dawna Kaufman, or any other individual or entity for compensation to Ms. Alexis or anyone purporting to represent her or acting on her behalf, in exchange for affidavits or other documents from, or conversations with, Ms. Alexis including, without limitation, requests for outright cash payment, reimbursement of legal fees, media referrals, book deals, or any other in-kind payment;

(11)    Any completed or draft affidavits relating to Mr. Stern, Ms. Smith, Daniel Smith or Dannielynn Hope Marshall Birkhead (nee Stern), including whether any such affidavits contained false information, and whether Ms. Alexis was compensated for the preparation of any such affidavits;

11.    Documents or other property to be inspected:

It is requested that the Bahamian Court require Ms. Alexis to produce:

(a)    documents relating to each of the following subjects about which Ms. Alexis is to be examined, including without limitation, documents, email, correspondence, notes, audio or videotapes and/or memoranda, whether in hard copy, electronic copy or stored on disk:

(1)    the current or past existence of a tape of a sexual act between Mr. Stern and Mr. Larry Birkhead;

(2)    The relationship between Mr. Stern and Ms. Anna Nicole Smith;

(3)    The presence of prescription and/or illegal drugs in the in the house occupied by Ms. Smith and Plaintiff, and Anna Nicole Smith's use of prescription and/or illegal drugs;

(4)     Plaintiff's knowledge of and complicity in securing prescription or illegal drugs for Ms. Smith's use and provision of such drugs to Ms. Smith;

(5)     Any statements by Ms. Smith that Mr. Stern was responsible for or involved in the death of Daniel Smith;

(6)     Plaintiff's signing documents on behalf of Ms. Smith or asking, convincing, or forcing Ms. Smith to sign documents while drunk, stoned, or otherwise incapacitated;

**(b)**    Documents and communications related to meeting(s) or conversations among Ms. Alexis or anyone representing Ms. Alexis or acting on her behalf, Mr. Don Clark, Ms. Wilma Vicedomine, and/or anyone else purporting to represent or acting on behalf of Virgie Arthur;

**(c)**    Documents and communications between Ms. Alexis or anyone representing Ms. Alexis or acting on her behalf and Mr. Stern, Lin Wood, Powell Goldstein, LLP, Krista Barth, Eric Sauerberg, Wayne Munroe, or anyone else purporting to represent or acting on behalf of Plaintiff or the Estate of Anna Nicole Smith;

**(d)**    Documents and communications with Mr. Bain and/or Utah Taylor relating to Ms. Cosby, Mr. Stern, the book *Blonde Ambition*, Anna Nicole Smith, Daniel Smith, or Dannielynn Hope Marshall Birkhead;

**(e)**    Documents and communications relating to statements made by Ms. Alexis, Mr. Bain, Ms. Thompson, or anyone else acting on Ms. Alexis's behalf to any member of the media, investigator, or Court relating to Ms. Cosby, Mr. Stern, the book *Blonde Ambition*, Anna Nicole Smith, Daniel Smith, or Dannielynn Hope Marshall Birkhead;

**(f)**    Documents and communications related to proposals of compensation claimed to have been made by Ms. Cosby to Ms. Alexie, Ms. Alexis, Mr. Bain, and/or Ms. Thompson;

**(g)**    Documents and communications related to offers, requests, proposals or payments to or from Ms. Cosby, Mr. Don Clark, Ms. Dawna Kaufman, or any other individual or entity for compensation to Ms. Alexie, Ms. Alexis, Ms. Thompson or Mr. Bain for access to, affidavits or other documents or photographs from, or conversations with Ms. Alexie or Ms. Alexis, including without limitation requests for outright cash payment, reimbursement of legal fees, media referrals, or any other in-kind payment, regardless of whether the offer or proposal resulted in a completed transaction;

**(h)**    Documents or communications related to any proposed or actual appearances by Ms. Alexis on any television program related to Ms. Smith;

**(i)**    Completed or draft affidavits by Ms. Alexis in relation to Mr. Stern, Ms. Smith, Mr. Daniel Smith, and/or Dannielynn Hope Marshall Birkhead (nee Stern), including any drafts thereof, and any documents or communications related to the preparation of or compensation for any such completed or contemplated affidavits;

**(j)**    Documents or communications relating to Rita Cosby, including without documents and communications relating to Ms. Cosby's trip to The Bahamas in October 2007 and related to the planning for and execution of the recording of Ms. Cosby;

| | | |
|---|---|---|
| | | **(k)** To the extent not otherwise covered by any other request, any documents or communications with any individual or entity related to offers requests or proposals for any individual to receive payment or other in-kind compensation in any form of exchange for meetings with, access to, or any documents or other information from Ms. Alexie or Ms. Alexis. |
| 12. | Any requirement that the evidence be given on oath or affirmation and any specific form to be used: | Ms. Alexis should be examined under oath or affirmation, or in the alternative, should be instructed of the consequences for the giving of untruthful and false answers under the laws of The Bahamas. |
| 13. | Special methods or procedure to be followed: | It is requested that: (1) the parties' representatives or their designees, a stenographer, and a videographer be permitted to be present during the examination; (2) there be excluded from the examination, if permitted under Bahamian law, and if the Examiner considers it appropriate to do so, all persons other than the judicial officer conducting the examination of Ms. Alexis, the attorneys for the parties, the stenographer, the videographer, any attorney for Ms. Alexis, and other officials of the court normally present during such proceedings; (3) a stenographer and videographer be permitted to record verbatim the examination of the witness. |
| 14. | Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified: | Please notify the following persons when and where the examination is to be conducted: Elizabeth McNamara Elisa Miller Davis Wright Tremaine LLP 1633 Broadway New York, NY 10019 Douglass Maynard Deborah Newman Akin Gump Strauss Hauer & Feld, LLP 590 Madison Avenue New York, NY 10022 |

15.    Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request:

None

16.    Specification of privilege or duty to refuse to give evidence under the law of the State of origin:

Ms. Alexis may refuse to answer a question or provide responsive documents if such answer (1) would subject her to a real and appreciable danger of criminal liability in the United States, or if such answer, or responsive document (2) would disclose a confidential communication between her and her attorney.

17.    The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:

Hachette Book Group USA, Inc. and Rita Cosby c/o Elizabeth A. McNamara Davis Wright Tremaine LLP 1633 Broadway New York, New York

18.    Date of Request:

January ___, 2008. *Feb-4, 2008*

19.    Signature and seal of the requesting authority:

_____
Hon. Denny Chin, U.S.D.J.