MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HOWARD K. STERN,

                          Plaintiff,      07 Civ. 8536 (DC)

      -against-

RITA COSBY, HACHETTE BOOK GROUP USA,
d/b/a Grand Central Publishing, and JOHN or JANE:

                     Defendants.
-----------------------------------------------------------x

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 2/4/08

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE EVIDENCE (PROCEEDINGS IN OTHER
JURISDICTIONS) ACT 2000 (CHAPTER 66) (THE "EPOJA")
AND THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD**

1. Sender:          Office of the Clerk
   United States District Court
   Southern District of New York
   Daniel Patrick Moynihan Courthouse
   500 Pearl Street
   New York, New York 10007

2. Central Authority of the Requested State:    Attorney General
   East Hill Street
   P.O. Box N-3007
   Nassau, The Bahamas

3. Person to whom the executed request is to be returned:   Hon. Denny Chin
   United States District Judge
   United States District Court
   Southern District of New York
   Daniel Patrick Moynihan Courthouse
   500 Pearl Street
   New York, New York 10007

4. In conformity with the EPOJA and Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:

NYC 189972v2 3910089-000032

5.  a. Requesting judicial authority:  Hon. Denny Chin
    United States District Judge
    United States District Court
    Southern District of New York
    Daniel Patrick Moynihan Courthouse
    500 Pearl Street
    New York, New York 10007

    b. To the competent authority of:  The Commonwealth of The Bahamas

6.  Names and addresses of the parties and their representatives:

    a. Plaintiff:  Howard K. Stern

    Representatives:

    L. Lin Wood
    Powell Goldstein LLP
    One Atlantic Center 14th Floor
    1201 West Peachtree Street, NW
    Atlanta, GA 30309

    b. Defendant(s):  Rita Cosby
    Hachette Book Group, USA, Inc.
    John or Jane Doe

    Representatives:

    Elizabeth A. McNamara
    Elisa L. Miller
    Davis Wright Tremaine LLP
    1633 Broadway
    New York, New York 10019

    Douglass Maynard
    Deborah Newman
    Akin Gump Strauss Hauer & Feld
    590 Madison Avenue
    New York, New York 10022

    Ian R. Winder
    E. Andrew Edwards
    Davis & Co.
    The British Colonial Hilton
    Centre of Commerce
    1 Bay Street, Suite 400

|   |   |   |
|---|---|---|
|   |   | P.O. Box N-7940<br>Nassau, Bahamas |
| 7. | Nature and purpose of the proceedings and summary of the facts: | This is a civil suit in which Plaintiff alleges that the Defendants defamed him in the book *Blonde Ambition: The Untold Story Behind Anna Nicole Smith's Death* ("*Blonde Ambition*" or the "Book"). In particular, one of plaintiff's allegations is that Ms. Quethlie Alexis and Ms. Nadine Alexie, domiciled in The Bahamas and former nannies to Anna Nicole Smith, did not make certain statements about Plaintiff (1) related to a sex tape featuring Plaintiff and Mr. Larry Birkhead, (2) related to Plaintiff's knowledge of and complicity in Ms. Smith's drug use, (3) related to Plaintiff's relationship with Ms. Smith, and (4) related to accusations made by Ms. Smith that Mr. Stern was responsible for or involved in the death of Daniel Smith (collectively the "Issues in the Lawsuit"); or, if made, that the contentions are false. Ms. Elizabeth Thompson, counsel to Alexis and Alexie, was present during at least one interview when the nannies provided statements concerning these issues to third parties.<br><br>Plaintiff also has alleged that after the publication of the Book defendant Cosby offered money to Ms. Alexie and Ms. Alexis through Ms. Thompson, and another individual, Mr. Lincoln Bain, both citizens of The Bahamas. Ms. Thompson secretly recorded at least one conversation with Ms. Cosby in her office, portions of which were publicly released. Ms. Thompson, along with Mr. Bain, has made public statements that she participated in a "sting operation" to induce Ms. Cosby to travel to The Bahamas, and that she participated in the taping of numerous conversations with Ms. Cosby, portions of which have been publicly released.<br><br>In their defense of this lawsuit, Defendants intend to show, among other things, that the statements in the book are substantially truthful, and that Defendants had no knowledge that the statements were false or serious doubts as to their accuracy. The testimony of Ms. Thompson, |

|   |   |   |
|---|---|---|
|   |   | as well as accompanying documents including the complete audiotapes and any videotapes of conversations with Ms. Cosby; any documents and communications related to the planning and execution of the "sting operation"; and any documents and communications concerning the nannies' contentions related to the Issues in the Lawsuit that were reported in the Book, are necessary for the defense of Plaintiff's claims. Defendants would be severely prejudiced in their defense of this action were they unable to access Ms. Thompson's testimony or documents, and moreover the federal court in New York has expressed interest in the few audio tapes that have been released. |
| 8. | Evidence to be obtained or other judicial act to be performed: | It is respectfully requested that a suitable counsel and attorney in good standing at The Bahamas Bar be appointed an examiner empowered to administer any necessary oaths and take testimony on the subjects listed in Section 10 of this Request for the purpose of obtaining admissible evidence for trial. Defendants Cosby and Hachette would be prejudiced at trial were such evidence not to be made available because Ms. Thompson is not within the subpoena power of the United States District Court for the Southern District of New York and cannot be compelled to appear and offer testimony at the trial of this action.<br><br>It is also respectfully requested that, in the interest of justice, you order the production of the documents requested in Section 11 of this Request, and deliver them with all possible speed to Mr. Ian Winder, an attorney with the law firm of Davis & Co. in the Commonwealth of The Bahamas, for onward transmission to counsel for Defendant Cosby in New York, New York. |
| 9. | Name and address of persons to be examined: | Elizabeth Thompson, Esq.<br>Elizabeth E. M. Thompson & Co.<br>8th Terrace East Centerville<br>Nassau, The Bahamas |

| | | | |
|---|---|---|---|
| 10. | Questions to be put to the person to be examined or statement of the subject matter about which he is to be examined: | | The subject matter about which the witness is to be examined is the following: |
| | | (1) | Statements by Ms. Alexis and Ms. Alexie related to the Issues in the Lawsuit, including, without limitation, (a) the existence of a sex tape featuring Plaintiff and Larry Birkhead; (b) Ms. Alexie and Ms. Alexis' viewing at any time of a tape of a sexual act between Plaintiff and Mr. Birkhead; (c) Ms. Smith's drug use and Plaintiff's knowledge of Ms. Smith's drug use and Plaintiff's complicity in securing prescription or illegal drugs for Ms. Smith's use; (d) Plaintiff's providing prescription or illegal drugs to Ms. Smith, (e) Plaintiff's relationship with Ms. Smith, (f) Ms. Smith's statements relating to Mr. Stern, including without limitation Ms. Smith's accusation that Mr. Stern was involved in or responsible for the death of Daniel Smith; and (g) Plaintiff's signing documents on behalf of Ms. Smith or asking, convincing, or forcing Ms. Smith to sign documents while inebriated or otherwise incapacitated; |
| | | (2) | Ms. Thompson's communications with Rita Cosby; |
| | | (3) | Ms. Thompson, Ms. Alexis and Ms. Alexie's communications with Lincoln Bain regarding Ms. Cosby, Quethlie Alexis, Nadine Alexie, *Blonde Ambition*, Mr. Stern, Anna Nicole Smith, Daniel Smith, or Dannielynn Hope Marshall Birkhead; |
| | | (4) | Ms. Thompson, Ms. Alexis and Ms. Alexie's communications with Don Clark and/or Wilma Vicedomine and the existence of an audio or video recording of any such conversation or meeting; |

|     |     |
| --- | --- |
| (5) | Ms. Thompson, Ms. Alexis and Ms. Alexie's communications with Mr. Howard Stern, Mr. Lin Wood, Powell Goldstein LLP, Krista Barth, Eric Sauerberg, Wayne Munroe, Bonnie Stern, Leon Stern, or any individual purporting to represent or act on behalf of Mr. Stern or the Estate of Anna Nicole Smith; |
| (6) | Ms. Thompson, Ms. Alexie and Ms. Alexis' communications with Don Clark, Wilma Vicedomine, John O'Quinn, Debra Rose, Virgie Arthur, or any individual purporting to represent Virgie Arthur; |
| (7) | Any offers, requests, or proposals to or from Ms. Cosby, Mr. Don Clark, Ms. Dawna Kaufman, or any other individual or entity for compensation to Ms. Alexie, Ms. Alexis, Ms. Thompson or Mr. Bain for access to, affidavits from, or conversations with Ms. Alexie or Ms. Alexis, including, but not limited to, requests for cash payment, reimbursement of legal fees, media referrals, book deals, or any other in-kind payment; |
| (8) | Affidavits by Ms. Alexie or Ms. Alexis related to Plaintiff or Ms. Smith that were drafted, filed, or produced in connection with any investigation or litigation. |

11. Documents or other property to be inspected:

It is requested that the Bahamian Court require Ms. Thompson to produce:

(a) The audio and/or video recordings of all conversations with or among Mr. Bain, Ms. Thompson, Ms. Cosby, and/or Ms. Alexie and Ms. Alexis;

(b) documents relating to each of the following subjects about which Ms. Thompson is to be examined, including without limitation, documents, correspondence, notes, audio, video and/or memoranda, whether in hard copy, electronic copy or stored on disk:

(1) The current or past existence of a tape of a sexual act between Mr. Stern and Mr. Birkhead;

(2) The presence of prescription or illegal drugs in the house occupied by Ms. Smith and Plaintiff, and Plaintiff's knowledge of Ms. Smith's drug use and complicity in securing prescription or illegal drugs for Ms. Smith's use;

(3) The provision of prescription or illegal drugs by Plaintiff to Ms. Smith,

(4) Plaintiff's relationship with Ms. Smith;

(5) Ms. Smith's accusation that Mr. Stern was involved in or responsible for the death of Daniel Smith;

(6) Plaintiff's signing documents on behalf of Ms. Smith or asking, convincing, or forcing Ms. Smith to sign documents while drunk, stoned, or otherwise incapacitated;

(7) Documents or communications with Mr. Stern, Lin Wood, Powell Goldstein LLP, Krista Barth, Eric Sauerberg, Wayne Munroe, Bonnie Stern, Leon Stern, or any other individual purporting to represent or act on behalf of Mr. Stern or the Estate of Anna Nicole Smith, including without limitation documents or communications related to financial transactions;

(8) Documents or communications with Don Clark, Wilma Vicedomine, John O'Quinn, Debra Rose, or any other individual purporting to represent Virgie Arthur;

(9) Documents or communications relating to proposals of compensation claimed to have been made by Ms. Cosby to Ms. Thompson, Mr. Bain, Ms. Alexie and/or Ms. Alexis;

(10) Documents or communications with Ms. Cosby;

(11) Documents or communications with Dawna Kaufman;

(12) To the extent not otherwise covered by any other request, any documents or communications with any individual or entity related to offers, requests or proposals for any individual or entity to receive payment or other in-kind compensation in any form in exchange for meetings with, access to, or documents or any other information relating to Ms. Alexie or Ms. Alexis.

(13) Any affidavits or other testimony provided by or signed by Ms. Alexis or Ms. Alexie related to Ms. Smith, Plaintiff, Daniel Smith, or Dannielynn Hope Marshall Birkhead submitted to any investigator or Court;

(14) Documents or communications related to any civil or criminal investigations, disciplinary actions, claims, or lawsuits in which Ms. Thompson has been a party, including complaints not resulting in charges or conviction.

| | | |
|---|---|---|
| 12. | Any requirement that the evidence be given on oath or affirmation and any specific form to be used: | Ms. Thompson should be examined under oath or affirmation, or in the alternative, should be instructed of the consequences for the giving of untruthful and false answers under the laws of The Bahamas. |
| 13. | Special methods or procedure to be followed: | It is requested that: (1) the parties' representatives or their designees, a stenographer, and a videographer be permitted to be present during the examination; (2) there be excluded from the examination, if permitted under Bahamian law, and if the Examiner considers it appropriate to do so, all persons other than the judicial officer conducting the examination of Ms. Thompson, the attorneys for the parties, the stenographer, the videographer, any attorney for Ms. Thompson, and other officials of the court normally present during such proceedings; (3) a stenographer and videographer be permitted to record verbatim the examination of the witness. |
| 14. | Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified: | Please notify the following persons when and where the examination is to be conducted:<br><br>Elizabeth McNamara<br>Elisa Miller<br>Davis Wright Tremaine LLP<br>1633 Broadway<br>New York, NY 10019<br><br>Douglass Maynard<br>Deborah Newman<br>Akin Gump Strauss Hauer & Feld, LLP<br>590 Madison Avenue<br>New York, NY 10022 |
| 15. | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request: | None |

| | | |
|---|---|---|
| 16. | Specification of privilege or duty to refuse to give evidence under the law of the State of origin: | Ms. Thompson may refuse to answer a question or provide responsive documents if such answer (1) would subject her to a real and appreciable danger of criminal liability in the United States, or if such answer, or responsive document (2) would disclose a confidential communication between her and her attorney; or (3) would disclose a confidential communication between her and her client(s). |
| 17. | The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by: | Hachette Book Group USA, Inc. and Rita Cosby c/o Elizabeth A. McNamara Davis Wright Tremaine LLP 1633 Broadway New York, New York |
| 18. | Date of Request: | ~~January ___, 2008~~ February 4, 2008 |
| 19. | Signature and seal of the requesting authority: | *[signature]* Hon. Denny Chin, U.S.D.J. |