UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/2/08
```

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HOWARD K. STERN,

        Plaintiff,

     - against -

RITA COSBY and HACHETTE BOOK GROUP
USA, INC., d/b/a Grand Central Publishing, and
JOHN or JANE DOE,

        Defendants.

No. 07 Civ. 8536 (DC)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### AMENDED CONSENT PROTECTIVE ORDER GOVERNING
### CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION

WHEREAS, the parties (plaintiff and defendants) have agreed that they anticipate seeking Confidential and Highly Confidential Information (as defined below) during discovery, including deposition questioning, and information derived from written discovery; and

WHEREAS, the parties have agreed to be bound by the restrictions of this Order limiting the use and disclosure of such information as hereinafter provided;

NOW, THEREFORE, upon consideration of the record and proceedings here, upon the consent of the parties, and pursuant to the provisions of Fed. R. Civ. P. 26(c),

IT IS ORDERED that:

### I. Definitions

The following definitions shall apply to this Consent Protective Order Governing Confidential and Highly Confidential Information (the "Order"):

1.

The "Action" shall mean the above-styled action, *Stern v. Cosby*, Civil Action 07 Civ. 8536 (DC), pending in the United States District Court for the Southern District of New York.

2.

"Confidential Discovery Materials" or "Confidential Discovery Material" shall mean and includes any document, material, testimony, interrogatory response or thing which the producing party on a good faith basis reasonably contends contains "Confidential Information" and which has been designated as "Confidential."

3.

"Confidential Information" shall mean such information contained in Confidential Discovery Materials that the producing party reasonably contends should be protected from disclosure pursuant to this Order on the grounds that the information reflects trade secrets as defined by New York common law; business, competitive or proprietary information; confidential financial information; legally confidential information; confidential personal information; confidential medical information; confidential information about another person that the party is under a duty to maintain in confidence; information of a sensitive nature about the party; or any information otherwise entitled to protection under Fed. R. Civ. P. 26. No information shall be designated as Confidential unless the party making the designation has a good faith basis for believing that such information falls within one of the categories outlined in this paragraph, and that such information is not commonly known by or available to the public and is the subject of efforts that are reasonable under the circumstances to maintain its confidentiality.

4.

"Highly Confidential Discovery Materials" or "Highly Confidential Discovery Material" shall mean and includes any document, material, testimony, interrogatory response or thing which the producing party on a good faith basis reasonably contends contains "Highly Confidential Information" and which has been designated as "Highly Confidential".

5.

"Highly Confidential Information" shall mean such information contained in Highly Confidential Materials that the producing party reasonably contends should be protected from disclosure pursuant to this order on the grounds that the information contains or reflects confidential financial information of the designating party. No information shall be designated as Highly Confidential unless the party making the designation has a good faith basis for believing that such information falls within the category outlined in this paragraph, and that such information is not commonly known by or available to the public and is the subject of efforts that are reasonable under the circumstances to maintain its confidentiality.

6.

"Legend" shall mean a large bold stamp or similar insignia stating "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

7.

For the purposes of this Order, "qualified recipient" shall mean:

(A) All attorneys of record in this Action and said counsel's employees, including associate attorneys, paralegals, secretaries, legal assistants, clerical employees, or other support staff who are working on this Action;

(B) A member of the data entry and data processing staff employed or retained by the receiving party or its attorneys of record and assisting in the development or use of data retrieval systems in connection with this Action;

(C) Technical consultants employed or retained by the receiving party or its attorneys of record and assisting in connection with this Action;

(D) Investigators, experts and/or researchers employed or retained by the receiving party or its attorneys of record and assisting in connection with this Action;

(E) A court reporter or videographer employed by a party holding a deposition to transcribe or record the testimony of the deposition;

(F)    The Court, any Appellate Court, and its employees;

(G)    A signatory to, or originator, sender, addressee or recipient of, such Confidential
Materials;

(H)    The plaintiff, Howard K. Stern;

(I)    The defendant, Rita Cosby;

(J)    The defendant, John or Jane Doe, if such individual is identified and substituted as
a party in this Action;

(K)    The defendant, Hachette Book Group, USA d/b/a Grand Central Publishing
("Hachette") and its staff, including its in-house counsel;

(L)    Insurers of defendants who have a need to review the information in connection
with this Action;

(M)    Any other person whom the producing party agrees in writing, or the Court directs,
should have access to the material; and

(N)    To the extent not covered by any of the preceding categories, witnesses in
connection with their pretrial or trial testimony in this Action, including deposition
witnesses.

## II. Protection of Confidential Discovery Materials

1.

Persons having access to Confidential Discovery Materials pursuant to this Order shall
use that Confidential Discovery Material only for pretrial discovery, motions, preparation for
trial, trial, and any appeal of this Action. Confidential Discovery Materials shall not be used for
any other purpose and shall not be disclosed to any person who is not listed in Section I,
Paragraph 7 (A)-(N) of this Order.

2.

Without limiting in any way the prohibitions set forth in Paragraph 1 of this Section, persons having access to Confidential Discovery Materials shall not disclose or use any Confidential Information for any commercial purpose, including but not limited to disclosure to any member of the media or use in connection with writing a book or other publication. The prohibitions in this paragraph shall not apply to a party's use of his or her own Confidential Discovery Materials but any such use, if undertaken prior to the conclusion of this Action, shall constitute a waiver of confidentiality with respect to those particular materials by the party so utilizing his or her own Confidential Discovery Materials. Any other Confidential Discovery Materials not so used for a commercial purpose shall retain their confidential status pursuant to this Order.

3.

Without limiting in any way the prohibitions set forth in Paragraph 1 of this Section, persons having access to Confidential Discovery Materials shall not disclose any Confidential Discovery Material, or the Confidential Information contained therein, to counsel or parties in any other action or litigation without compliance with the provisions of Section V of this Order.

4.

Persons who have access to Confidential Discovery Materials pursuant to this Order agree that Confidential Discovery Materials shall be maintained in a confidential manner. Except as absolutely necessary, the originals and all copies of Confidential Discovery Materials produced by any party shall be physically maintained and kept in the offices of the attorneys for the respective parties to this Action. The attorneys shall maintain those Confidential Discovery Materials in a confidential manner, and shall use their best efforts to ensure that such Confidential Discovery Materials are available only to those individuals specifically working on

this Action and are not accessible to any other individuals in the firm except as absolutely necessary.

5.

The parties shall take all reasonable precautions to prevent the disclosure, except as allowed herein, of any Confidential Discovery Material, and the Confidential Information contained therein, received by them to any persons who are not parties to this Order or Qualified Recipients, or who have not executed a written acknowledgment in the form of Exhibit "A" attached hereto.

6.

Nothing in this Order shall be construed to restrict any party's or person's use of information that is possessed or known prior to disclosure by another party or is in the public domain, or is independently developed or acquired from an independent source. Nothing in this Order shall be construed to restrict any party's or person's ability to request disclosure, through subpoena or otherwise, of Confidential Information exchanged between the parties in any action that relates to any of the facts or allegations as set forth in the Complaint filed in this Action.

### III. Protection of Highly Confidential Materials

1.

Person having access to Highly Confidential Discovery Materials pursuant to this order shall use that Highly Confidential Discovery Material only for pretrial discovery, motions, preparation for trial, trial, and any appeal of this Action. Highly Confidential Discovery Materials shall not be used for any other purpose and shall not be disclosed to any person who is not an expert employed or retained by the receiving party's attorneys of record and assisting with the preparation of the receiving party's defense or prosecution of this matter, as the case may be, or listed in Section I, Paragraph 7 (A), (E) - (N) of this Order. Disclosure to said experts, however, is expressly limited to those situations wherein the receiving party's attorneys have, in

good faith, determined that said expert's access to Highly Confidential Discovery Materials, and the Highly Confidential Information contained therein, is necessary for purposes of preparing the receiving party's defense or prosecution of this matter, as the case may be.

2.

Without limiting in any way the prohibitions set forth in Paragraph 1 of this Section, persons having access to Highly Confidential Discovery Materials shall not disclose or use any Highly Confidential Information for any commercial purpose, including but not limited to disclosure to any member of the media or use in connection with writing a book or other publication. The prohibitions in this paragraph shall not apply to a party's use of his or her own Highly Confidential Discovery Materials but any such use that results in the information becoming commonly known or publicly available, if undertaken prior to the conclusion of this Action, shall constitute a waiver of confidentiality with respect to those particular materials by the party so utilizing his or her own Highly Confidential Discovery Materials. Any other Highly Confidential Discovery Materials not so used for a commercial purpose shall retain their confidential status pursuant to this Order.

3.

Without limiting in any way the prohibitions set forth in Paragraph 1 of this Section, persons having access to Highly Confidential Discovery Materials shall not disclose any Highly Confidential Discovery Material, or the Highly Confidential Information contained therein, to counsel or parties in any other action or litigation without compliance with the provisions of Section V of this Order.

4.

Persons who have access to Highly Confidential Discovery Materials pursuant to this Order agree that Highly Confidential Materials shall be maintained in a confidential manner. Except where necessary for use at a deposition or in a Court filing in accordance with the terms

of this Order, the originals and all copies of Highly Confidential Discovery Materials produced by any party, and all notes, photographs, and audio recording regarding the contents of Highly Confidential Materials, shall be physically maintained and kept in the offices of the attorney for the respective parties to this action. The attorneys shall maintain those Highly Confidential Materials in a confidential manner, and shall use their best efforts to ensure that such materials are available only to those individuals specifically working on this Action and are not accessible to any other individuals in the firm.

5.

The parties shall take all reasonable precautions to prevent the disclosure, except as allowed herein, of any Highly Confidential Discovery Material, and the Highly Confidential Information contained therein, received by them, to any persons who are not parties to this Order or Qualified Recipients.

6.

Nothing in this Order shall be construed to restrict any party's or person's use of information that is possessed or known prior to disclosure by another party or is in the public domain, or is independently developed or acquired from an independent source who obtains this information through legal means. Nothing in this Order shall be construed to restrict any party's or persons ability to request disclosure, through subpoena or otherwise, of Highly Confidential Information exchanged between the parties in any action that relates to any of the facts or allegations as set forth in the Complaint filed in this Action.

## IV. Scope of Order

1.

This Order shall supersede and replace the Order entered on February 14, 2008 entitled Consent Protective Order Governing Confidential Information. This Order shall not supersede or affect in any way any other orders previously entered by the Court.

2.

This Order shall govern all documents and information produced in response to any method of discovery conducted in this Action, be they documents previously produced or documents that will be produced.

3.

Nothing in this Order shall affect the existing rights and obligations of the parties under Orders entered in any other action.

### V. Designation of Confidential and Highly Confidential Discovery Materials

1.

A producing party may designate any document or written discovery, or portion thereof, Confidential Discovery Material or Highly Confidential Discovery Material pursuant to this Order by affixing the appropriate Legend to any document which the producing party reasonably believes contains Confidential Information or Highly Confidential Information. By agreement, the producing party may allow inspection prior to designation of documents as Confidential Discovery Material or Highly Confidential Discovery Material so that documents not selected for copying need not be stamped.

2.

Any person wishing to designate portions or all of any deposition as Confidential Discovery Material or Highly Confidential Discovery Material, including testimony or any documents marked as exhibits during a deposition, may do so on the record during the deposition, or within ten (10) days after receipt of the final version of the deposition transcript and exhibits by providing written notice of the designation to the Parties and any other affected person or persons. From the time of the deposition until fifteen (15) days after receipt of the final version of the deposition transcript, the entire deposition will be treated as Highly Confidential Discovery Material. The Parties and third parties providing testimony should avoid designating

entire transcripts as Confidential Discovery Material or Highly Confidential Discovery Material where only a portion thereof, or of the exhibits used therewith, qualifies for such protection; to the extent reasonably practicable, only those portions that qualify for protection should be so designated.

3.

Third parties that produce information in this Action may designate such information as Confidential Discovery Material or Highly Confidential Discovery Material subject to the terms of this Order. Additionally, the parties may designate information produced by third parties as Confidential Discovery Material or Highly Confidential Discovery Material subject to the terms of this Order, and their obligations regarding designation as set forth herein.

4.

Entering into, agreeing to and/or producing or receiving materials, or otherwise complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular discovery material contains or reflects trade secrets, confidential financial or commercial information, confidential personal information, confidential medical information, or information otherwise entitled to protection under Fed. R. Civ. P. 26; (b) prejudice in any way the rights of any party to apply to the Court for an order that information designated as Confidential Discovery Material or Highly Confidential Material need not be treated as confidential; (c) prejudice in any way the rights of any producing party or person to object to any discovery requests that seek information or documents that it considers not subject to discovery; or (d) prejudice in any way the rights of a party to seek a determination of the Court that particular discovery materials should be produced.

5.

No party to this Action is obliged to challenge the designation of any discovery material as Confidential Discovery Material or Highly Confidential Discovery Material at the time of

receipt or designation thereof, and a failure to do so shall not preclude a subsequent challenge thereto.

6.

In the event that a receiving party seeks to challenge the appropriateness of the designation of any material or testimony as Confidential Discovery Material or Highly Confidential Discovery Material, such party shall consult in good faith with the designating party or person in an effort to resolve the dispute on an informal basis. In the event no agreement is reached, the receiving party shall give the producing party or person written notice challenging the designation of the material or testimony as Confidential Discovery Material or Highly Confidential Discovery Material. The producing party or person shall have ten (10) business days after receipt of the required written notice within which to seek a protective order pursuant to Fed. R. Civ. P. 26(c) ("Ten Day Period"). Any document, testimony or other material designated as Confidential Discovery Material or Highly Confidential Discovery Material shall continue to be treated as confidential until the Court rules on any motion concerning the designation of such material as Confidential Discovery Material or Highly Confidential Discovery Material, until such motion is otherwise resolved, or until the Ten Day Period has passed without a motion for a protective order having been made, whichever is sooner.

### VI. Disclosure and Use of Confidential and Highly Confidential Discovery Materials, and Confidential and Highly Confidential Information

1.

The execution of this Order by counsel to the Parties shall be deemed to bind all persons and entities identified in Section I(7)(A), (H), (I), (J), (K) and (L). Before Confidential Discovery Material or Confidential Information is disclosed to any qualified recipient identified in Section I(7)(B), (C), (D), (M) and (N), an attorney employed or retained by the receiving party and assisting in connection with this Action shall require the qualified recipient to read and agree to the terms of this Order and to sign a copy of the agreement set forth in Exhibit "A" attached

hereto prior to the time when the Confidential Discovery Material or Confidential Information is disclosed to such person. Before Highly Confidential Discovery Material or Highly Confidential Information is disclosed to an expert employed or retained by the receiving party's attorneys of record and assisting with the preparation of the receiving party's defense or prosecution of this matter, as limited by Section III Paragraph 1, or any qualified recipient identified in Section I(7)(M) or (N), as limited by Section VI, Paragraph 12, an attorney employed or retained by the receiving party and assisting in connection with this Action shall require the expert or qualified recipient to read and agree to the terms of this Order and to sign a copy of the agreement set forth in Exhibit "A" attached hereto prior to the time when the Highly Confidential Discovery Material or Highly Confidential Information is disclosed to such person. Originals of executed agreements set forth in Exhibit "A" shall be maintained by the counsel for the disclosing party.

2.

Should a receiving party find it necessary in preparation for trial of this Action to disclose any Confidential Discovery Material, Highly Confidential Discovery Material, Confidential Information or Highly Confidential Information to any person who is not a qualified recipient for that material or information under the terms of this Order, a notice shall be served on the producing party, identifying the person or persons to whom disclosure is to be made by the receiving party, together with the information to be disclosed to each such person. Such notice shall be accompanied by a written acknowledgment by each such person to whom disclosure is to be made, in the form of Exhibit "A" attached hereto, and stating that he or she has read and understands this Order and agrees to be bound by its terms. If the other party objects to the proposed disclosure, it shall state its objections and the reasons therefore in writing within ten (10) business days of the receipt of the notice. If objected to, the disclosure shall not be made except upon further order of this Court.

3.

In the event that any person in possession of Confidential Discovery Materials or Highly Confidential Discovery Materials believes that it is required by a subpoena or other court or administrative order, other than a grand jury subpoena or other confidential investigative subpoena, to disclose any Confidential Information, Highly Confidential Information, Confidential Discovery Materials, or Highly Confidential Discovery Materials, that person shall provide counsel for the other parties hereto with at least ten (10) business days advance notice before making any such disclosure.

4.

Confidential Discovery Materials, and the Confidential Information contained therein, shall not be copied or otherwise reproduced by the receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing contained herein shall, however, restrict a qualified recipient from making working copies, abstracts and digests of Confidential Discovery Material for use in connection with this Action, and such working copies, abstracts, and digests shall be deemed Confidential Discovery Material under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating Confidential Discovery Material into machine readable form for incorporation in a data retrieval system used in connection with this Action, provided that access to Confidential Discovery Material, and the Confidential Information contained therein, in whatever form stored or reproduced, shall be limited to qualified recipients.

5.

Highly Confidential Discovery Materials, and the Highly Confidential Information contained therein, shall not be copied or otherwise reproduced by the receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing contained herein shall, however, restrict a

qualified recipient from making working copies, abstracts and digests of Highly Confidential Discovery Material for use in connection with this Action, provided however, said working copies, abstracts and digests be maintained and kept at all times in the offices of counsel for the parties, except where necessary for use at a deposition or in a Court filing in accordance with the terms of this Order. Such working copies, abstracts, and digests shall be deemed Highly Confidential Discovery Material under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating Highly Confidential Discovery Material into machine readable form for incorporation in a data retrieval system used in connection with this Action, provided that access to Highly Confidential Discovery Material, and the Highly Confidential Information contained therein, in whatever form stored or reproduced, shall be limited to qualified recipients.

6.

All copies in any form of Confidential Discovery Materials or Highly Confidential Discovery Materials shall also constitute and be treated as Confidential Discovery Materials or Highly Confidential Discovery Materials, as applicable, as provided in this Order. Any person making, or causing to be made, copies of any Confidential Information or Highly Confidential Information shall make certain that all such copies bear the "Legend" (as defined herein) pursuant to the requirements of this Order.

7.

In addition to the requirements of Fed. R. Civ. P. 30(f), the officer before whom a deposition is taken in which Confidential Discovery Material or Highly Confidential Discovery Material is disclosed or used in any way shall, at the request of either party, place the transcript of the deposition in a sealed envelope and place the "CONFIDENTIAL" or, where requested, the "HIGHLY CONFIDENTIAL" stamp on the envelope containing a deposition transcript (or

designated portion thereof) and any exhibits containing Confidential Discovery Material or Highly Confidential Material attached to it.

8.

All Confidential and Highly Confidential Discovery Material, as well as the Confidential or Highly Confidential Information contained therein, filed with the Court for any purpose shall be filed in a sealed envelope or other container marked on the outside with the title of the Action, an identification of each item within and a statement substantially as follows:

> Confidential Information Subject to Protective Order. This item shall not be opened except as ordered by the Court in this Action or upon written stipulation executed by all of the parties and filed in Court in this Action.

This envelope shall not be opened except as ordered by the Court or upon written stipulation executed by all of the parties, or their counsel, and filed in this Action. All of such documents so filed in Court, and service copies of such documents, shall be treated in accordance with the provisions of this Order.

9.

In the event a party wishes to use any Confidential Discovery Material, Highly Confidential Discovery Material, Confidential Information or Highly Confidential Information contained therein, in any affidavits, briefs, memoranda of law, or other papers filed in Court in this Action, that portion of such affidavits, briefs, memoranda of law, or other papers so filed shall be designated as "Confidential Information - Subject to Protective Order" and shall be maintained under seal by the Court and treated by the Court in accordance with the provisions of this Order.

10.

Counsel for any party may exclude from the room during a deposition, hearing, or other proceeding, any person (other than the witness who is then testifying) who is not entitled under this Order to receive Confidential Discovery Material.

11.

Neither Confidential Discovery Material, nor the Confidential Information contained therein, shall be disclosed to the witness then testifying except in strict conformity with the provisions of this Order, provided, however, that if the testifying witness does not agree to be bound by the terms of this Order by executing the Agreement set forth in Exhibit A hereof, said Confidential Discovery Material, or the Confidential Information contained therein, may still be disclosed to the witness for purposes of the deposition.

12.

Neither Highly Confidential Discovery Material, nor the Highly Confidential Information contained therein, shall be disclosed to any witness who is not also a qualified recipient listed in Section I, Paragraph 7 (A), (E) - (M) of this Order or an expert employed or retained by the receiving party's attorneys of record and assisting with the preparation of the receiving party's defense or prosecution of this matter as expressly set forth in Section III, Paragraph 1, without first securing the express written consent of the party who produced the Highly Confidential Discovery Material, and the Highly Confidential Information contained therein. To the extent feasible, the party who seeks disclosure of said materials and information to the witness shall seek the designating party's consent at least 5 business days prior to disclosing such materials and information to the witness, so that assistance of the Court can be secured should the parties not agree to disclosure of said materials and information to the identified witness.

13.

Testimony relating to the Confidential Discovery Material and Highly Confidential Discovery Material, or the Confidential and Highly Confidential Information contained therein, may be designated as such in accordance with the provisions of this Order.

## VII. Return of Documents

1.

At the conclusion of this Action, counsel for the parties shall assemble from all individuals to whom Confidential or Highly Confidential Discovery Material was disclosed and return to the producing party all originals or reproductions of any documents embodying information designated "Confidential" or "Highly Confidential" within sixty (60) days of the conclusion of this Action, excluding documents: (a) that have been filed with the Court; or (b) contain notations of counsel or person's employ (documents that contain notations of counsel or other counsel's employ shall be destroyed and such shall be confirmed in writing by counsel). In lieu of returning materials, all materials covered by this Order may be destroyed at the Conclusion of this Action, and counsel for the party electing such destruction shall send to counsel for the other party an appropriate certification to that effect within sixty (60) days of the Conclusion of this Action. Any Confidential Discovery Material and Highly Confidential Discovery Material shall be permanently deleted from any electronic database in which it has been stored. "Conclusion of this Action" shall mean all appeals periods have expired and/or any settlement or judgment has become final.

## VIII. Miscellaneous

1.

This Order is entered without prejudice to the right of any party to apply to the Court at any time for an order granting additional protection, or an order relaxing or rescinding the restrictions of this Order, when convenience or necessity requires; and is subject to any Order previously entered by the Court in this Action.

2.

The terms of this Order shall survive and remain in effect after the Conclusion of this Action.

**3.**

The parties to this Action agree that the terms of this Order shall not be interpreted to constitute a waiver of: (i) any objection to any discovery, including written discovery and/or depositions; or (ii) any right to compel any discovery, including written discovery and/or depositions.

**4.**

The inadvertent or unintentional disclosure of the party producing Confidential Discovery Material or Highly Confidential Discovery Material, or the Confidential or Highly Confidential Information contained therein, regardless of whether the information was so designated at the time of disclosure, shall not be deemed to constitute in whole or in part a waiver of, or estoppel as to, the party's right to claim in this Action or thereafter that said information is confidential or highly confidential. If a claim of inadvertent production is made, pursuant to this paragraph, with respect to information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made. The party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

**5.**

The parties hereto agree that an injunction shall issue to prevent violations of this Order. The agreement to injunctive relief does not preclude any party from also obtaining damages that reasonably flow from a breach of this Order.

6.

All notices required pursuant to this Order shall be sent to counsel for the parties via email and via First Class mail addressed as indicated in the signature blocks in this Order.

**SO ORDERED.**

Denny Chin
U.S.D.J.

Dated:    New York, New York

7/2/08

CONSENTED TO:

**POWELL GOLDSTEIN LLP**

By: _____
L. Lin Wood

One Atlantic Center, Fourteenth Floor
1201 West Peachtree Street, NW
Atlanta, Georgia 30309

*Attorneys for Plaintiff Howard K. Stern*

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: _____
Douglass Maynard

590 Madison Avenue
New York, New York 10022

*Attorneys for Defendant Hachette
Book Group USA*

**DAVIS WRIGHT TREMAINE LLP**

By: _____
Elizabeth McNamara

1633 Broadway
New York, New York 10019

*Attorneys for Defendant Rita Cosby*