# AKIN GUMP
# STRAUSS HAUER & FELD LLP

Attorneys at Law

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/08

**DOUGLASS B. MAYNARD**
212.872.1019/fax: (212) 872-7539
dmaynard@akingump.com

July 15, 2008

**VIA FACSIMILE**

Honorable Denny Chin
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Stern v. Cosby, et al.*, 07-cv-8536-DC (S.D.N.Y.)

Dear Judge Chin:

> Approved,
> to 9/26/08 - FINAL.
> The PTC is adjourned to
> 9/26/08 at 10:30
> am.
> SO ORDERED
> [signature]
> 7/16/08

We represent defendant Hachette Book Group USA, Inc. in the above-referenced matter. We write on behalf of all parties to jointly request a second adjournment of the close of discovery, from August 15, 2008 to September 30, 2008. The parties' first request for an adjournment extended the close of discovery from April 18, 2008.

The parties have been working diligently to complete discovery by August 15, and have met and conferred on various discovery issues concerning responses to various requests for production and the assertion of privilege. These efforts have been productive for the most part, and are ongoing.

Obtaining relevant discovery from key third party witnesses, however, has proven difficult and time consuming. For example, defendants served Larry Birkhead, who is a central witness for several of the statements challenged by plaintiff, with a document subpoena on January 29, 2008, but he refused to produce any documents. Defendants were forced to file a motion to compel in the Central District of California on May 29, 2008, and on July 7, 2008, that court ordered Mr. Birkhead to produce responsive documents by August 6, 2008, and to appear for a deposition following such production if defendants so demand. Mr. Birkhead produced some responsive documents yesterday, but has yet to produce the vast majority of the documents requested.

Similarly, Wilma Vicedomine, who is a source for certain alleged statements challenged by plaintiff, has filed a motion to quash the deposition subpoena served on her by plaintiff, and that motion is currently pending before the District Court for the Southern District of Florida. In addition, although plaintiff's counsel has for the better part of this year been trying to locate and serve Jackie Hatten, the named source for certain statements challenged by Mr. Stern, with a

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

Honorable Denny Chin
July 15, 2008
Page 2

subpoena for deposition, such efforts to date have been unsuccessful despite counsel's diligent efforts. Further, defendants served the Estate of Anna Nicole Smith with a document subpoena on January 8, 2008, and have engaged in lengthy discussions with estate counsel regarding that subpoena. Defendants expect to have to file a motion to compel in the Central District of California regarding certain estate documents that continue to be withheld by the estate and to which defendants believe they are entitled.

Given these significant discovery obstacles, the parties respectfully request that the close of discovery be adjourned to September 30, 2008. The parties have agreed upon a deposition schedule for nearly all party and third-party witnesses within this timeframe, and are working with the witnesses to ensure their availability. Accordingly, the parties do not anticipate needing additional time beyond the requested six weeks.

We are available at the Court's convenience should Your Honor require additional information.

Respectfully Submitted,

Douglass B. Maynard

DBM:jl

cc: L. Lin Wood (by facsimile)
Elizabeth McNamara (by facsimile)