# MEMO ENDORSED

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/28/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HOWARD K. STERN,                              :    07 Civ. 8536 (DC)

          Plaintiff,                         :

          v.                                 :

RITA COSBY, HACHETTE BOOK GROUP USA,          :
INC. d/b/a Grand Central Publishing, and JOHN OR   :
JANE DOE,

          Defendants             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### CONSENT PROTECTIVE ORDER GOVERNING DOCUMENTS PRODUCED BY NON-PARTY CBS CORPORATION

      WHEREAS defendant Hachette Book Group USA, Inc. ("HBG") has served upon

non-party CBS Corporation ("CBS") a subpoena *duces tecum* dated  March 14, 2008 (the

"Subpoena") demanding that CBS produce documents concerning programs CBS

produced related to Anna Nicole Smith, whose life is the subject of the book written by

defendant Rita Cosby ("Cosby") that is at issue in the above-captioned action (the "Stern

Litigation"); and

      WHEREAS CBS has objected to the subpoena pursuant to the California Shield

Law, Cal. Const., Art. I, § 2(b) & Cal. Evid. Code § 1070; and Rules 26(b) and 45(c) of

the Federal Rules of Civil Procedure; and

      WHEREAS CBS has agreed to provide to HBG certain documents responsive to

the Subpoena (the CBS Documents), without prejudice to HBG's right or ability to later

seek to enforce the Subpoena or CBS's right or ability to resist such enforcement; and

WHEREAS CBS asserts that HBG and Cosby are CBS's competitors in the market for newsgathering and reporting on matters of public interest, including the life and death of Anna Nicole Smith; and

WHEREAS CBS asserts that revealing the information contained in the CBS Documents either to the public or to its competitors, including HBG and Cosby, would impair its ability to compete in its continuing reporting on Anna Nicole Smith as well as on other matters of public interest; and

WHEREAS HBG, Cosby, plaintiff Howard K. Stern (collectively the "parties") and CBS intend to provide protection against disclosure of the CBS Documents beyond that available under the terms of the Amended Consent Protective Order Governing Confidential and Highly Confidential Information entered in this action on July 2, 2008 ;

NOW, THEREFORE, upon consideration of the record an proceedings here, upon the consent of the parties, and pursuant to the provisions of Fed. R. Civ. P. 26(c),

IT IS ORDERED that:

1.    CBS may designate the CBS Documents (and any other documents that are produced pursuant to the Subpoena) that contain confidential newsgathering or commercial information ("CBS Confidential Information") by marking the documents "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time of production.  CBS shall not so designate any document that it reasonably believes was known generally to or obtainable by the public prior to its designation.

2.    Except with prior written consent of CBS, the CBS Confidential Information shall not be disclosed to any person other than the following individuals (the "Receiving Parties"):

a) The Court, persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action;

b) Outside counsel for HBG and counsel for Cosby retained for purposes related to the Stern Litigation, as well as regular employees of such counsel;

c) HBG in-house counsel Karen Andrews or, in the event that the Stern Litigation is reassigned to a different in-house attorney, her replacement, provided that, before disclosure is made, she/he first execute an Acknowledgement in the form attached hereto as Appendix A and shall agree to be bound by this Order; and

d) Plaintiff Howard K. Stern and his counsel.

3.       The Receiving Parties designated in paragraph 2 may disclose only the following information to Cosby with respect to each CBS Document produced: (a) the date of the document; (b) the parties and signatories thereto; (c) the general subject matter (e.g. that it is a licensing agreement for the use of photographs); and (d) whether financial consideration was provided, without specifying, estimating, or otherwise characterizing the amount of such consideration.

4.       Additional copies of any CBS Document or CBS Confidential Information shall be prepared under supervision of counsel of record. All such copies shall be prominently marked "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY."

5.       In the event that a party inadvertently discloses a CBS Document or CBS Confidential Information to persons other than those enumerated in paragraph 2 (with the exception of the limited disclosures to Cosby specified in paragraph 3), the disclosure must be reported in writing as soon as practicable to CBS. In that event, counsel for the

party inadvertently disclosing the CBS Document or CBS Confidential Information shall make all reasonable efforts to obtain the agreement of the persons to whom that information was disclosed to treat the information as confidential and subject to this Order.

6.     Counsel for the parties may show the CBS Documents or CBS Confidential Information to Howard K. Stern during a deposition, hearing, or other proceeding without providing prior notice to CBS. However, in the case of a deposition, counsel must designate the section of the deposition transcript relating to the document as "Confidential Information -- Attorneys Eyes Only," or in the case of a hearing, request that the Court do so at the time of the hearing or other proceeding. After such designations are made, the designated portions of the transcript shall be treated in the same manner as the CBS Documents and CBS Confidential Information that are the subject of this Order.   Absent further order of the Court, only Receiving Parties specified in paragraph 2 shall remain present while CBS Documents or CBS Confidential Information is being used or discussed.

7.     Disclosures to witnesses other than Howard K. Stern during a deposition or hearing will be made only upon notice to CBS and by order of the Court.

8.     The parties, on notice to CBS and in conjunction with the Court, will devise a further agreement for the handling of the CBS Documents and CBS Confidential Information at trial and thereafter.

9.     Notwithstanding any other provision of this Order, the parties shall confer with CBS and attempt to agree before any hearing, trial or other proceeding on the procedures pursuant to which the CBS Documents or CBS Confidential Information may

be introduced into evidence or otherwise used at such hearing, trial, mediation, or other proceeding.

10.    In the event that counsel filing a motion for any party determines to file with the Court any document, or portion thereof, containing a CBS Document or CBS Confidential Information, such party shall first seek leave of the Court to file the CBS Document or CBS Confidential Information under seal. If permission is granted, the party shall provide a non-redacted copy of said submission directly to the Court's Chambers and counsel for the other parties, and electronically filing a redacted version of such submission that does not disclose the CBS Document(s) or CBS Confidential Information on the public record. Any party submitting a non-redacted copy of papers containing a CBS Document or CBS Confidential Information to the Court's Chambers shall include a cover page bearing the following legend:

> The attached is a non-redacted copy of a document that has been designated in whole or in part as CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY in accordance with the Consent Protective order Governing Documents Produced by Non-Party CBS Corporation entered herein. A redacted copy of such document has been filed electronically with the Clerk of Court, and an unredacted copy has been filed under seal with the Clerk of Court. In accordance with the Consent Protective Order entered herein, the parties request that the Court preserve the Confidentiality of the attached document.

11.    Within ten days after the termination of this action, including any appeals, with the sole exception of copies of briefs and other materials filed with the Court, all originals or reproductions of the CBS Documents or CBS Confidential Information and documents containing CBS Documents or CBS Confidential Information shall either be returned to CBS or destroyed. Written notice of destruction shall be sent to CBS within ten days of any such destruction.

12.    The Court retains the right to allow disclosure of any subject covered by this

Consent Order or to modify it at any time in the interests of justice.

13.    All notices required pursuant to this Order shall be sent to counsel for the

parties or CBS by email and by First Class Mail addressed as indicated in the signature

blocks following this Order.

**SO ORDERED.**

Date: _7/28/08_                                   _____
                                                  Denny Chin, U.S.D.J.

Consented to:

CBS CORPORATION                              AKIN GUMP STRAUSS HAUER &
                                             FELD LLP

By: _____                  By: _____
    Anthony M. Boggiorno                          Douglass Maynard

51 West 52 Street                            590 Madison Avenue
New York, NY 10019                           New York, NY 10022
e-mail: anthony.boggiorno@cbs.com            e-mail: dmaynard@AkinGump.com

DATE: _7/17/08_                              DATE: _7/17/08_

DAVIS WRIGHT TREMAINE LLP                    POWELL GOLDSTEIN LLP

By: _____                  By: _____
    Elizabeth A. McNamara                         L. Lin Wood

1633 Broadway                                One Atlantic Center, Fourteenth Floor
New York, NY 10019                           1201 West Peachtree Street, NW
e-mail: lizmcnamara@dwt.com                  Atlanta, GA 30309
                                             e-mail: llwood@pogolaw.com

DATE: _____                DATE: _____

12.    The Court retains the right to allow disclosure of any subject covered by this Consent Order or to modify it at any time in the interests of justice.

13.    All notices required pursuant to this Order shall be sent to counsel for the parties or CBS by email and by First Class Mail addressed as indicated in the signature blocks following this Order.

**SO ORDERED.**

**Date:** _____          _____
                                          Denny Chin, U.S.D.J.

Consented to:

**CBS CORPORATION**                    **AKIN GUMP STRAUSS HAUER & FELD LLP**

By: _____                  By: _____
     Anthony M. Bongiorno                    Douglass Maynard

51 West 52 Street                        590 Madison Avenue
New York, NY 10019                       New York, NY 10022
e-mail: anthony.bongiorno@cbs.com        e-mail: dmaynard@AkinGump.com

DATE: _____                 DATE: _____

**DAVIS WRIGHT TREMAINE LLP**           **POWELL GOLDSTEIN LLP**

By: _____                   By: _____
     Elizabeth A. McNamara                   L. Lin Wood

1633 Broadway                            One Atlantic Center, Fourteenth Floor
New York, NY 10019                       1201 West Peachtree Street, NW
e-mail: lizmcnamara@dwt.com              Atlanta, GA 30309
                                         e-mail: llwood@pogolaw.com

DATE: 7/15/08                            DATE: _____

12.    The Court retains the right to allow disclosure of any subject covered by this

Consent Order or to modify it at any time in the interests of justice.

13.    All notices required pursuant to this Order shall be sent to counsel for the

parties or CBS by email and by First Class Mail addressed as indicated in the signature

blocks following this Order.

**SO ORDERED.**

Date: _____

_____
                    Denny Chin, U.S.D.J.

Consented to:

CBS CORPORATION

By: _____
        Anthony M. Bongiorno

51 West 52 Street
New York, NY 10019
e-mail: anthony.bongiorno@cbs.com

DATE: _____


DAVIS WRIGHT TREMAINE LLP

By: _____
        Elizabeth A. McNamara

1633 Broadway
New York, NY 10019
e-mail: lizmcnamara@dwt.com

DATE: _____

AKIN GUMP STRAUSS HAUER &
FELD LLP

By: _____
        Douglass Maynard

590 Madison Avenue
New York, NY 10022
e-mail: dmaynard@AkinGump.com

DATE: _____


POWELL GOLDSTEIN LLP

By: _____
        L. Lin Wood

One Atlantic Center, Fourteenth Floor
1201 West Peachtree Street, NW
Atlanta, GA 30309
e-mail: llwood@pogolaw.com

DATE: _7|15|08_____